## MARR v. HEMENNY.

1. WATERS AND WATERCOURSES—DAMS—PRESCRIPTIVE RIGHT TO OVERFLOW LANDS.

Maintenance of watertight steel gates by owner of dam which resulted in overflowing timber and cultivated lands and destroyed a spring belonging to plaintiff, an upper riparian owner, is enjoined notwithstanding they were installed at a cost of several thousand dollars where installation was against objections of plaintiff, after warnings, and suit was brought before defendant had acquired the prescriptive right to overflow plaintiff's lands.

2. SAME—DAMS—REPAIRS—PRESCRIPTIVE RIGHT TO FLOOD LANDS.

The extent of a presumed grant to swell water upon the land of another is measured by the land actually flooded and not by the height of the dam the repair of whose gates permits the flooding of a greater area.

3. ADVERSE POSSESSION—PRESUMPTION OF GRANT.

Title or rights in lands founded on prescription originate from the fact of actual, adverse, peaceable, open, and uninterrupted possession for such length of time that the law presumes that the true owner, by his acquiescence, has granted the land, or interest to the land, so held adversely.

4. COSTS—BRIEF.

No costs are allowed an appellee who failed to file a brief.

Appeal from Ionia; Hawley (Royal A.), J. Submitted February 26, 1941. (Docket No. 125, Calendar No. 40,750.) Decided April 8, 1941.

Bill by George T. Marr against Peter Hemenny and Frances Hemenny to enjoin maintenance of a head of water at defendants' dam such as to overflow plaintiff's land, and for damages. Decree for plaintiff. Defendants appeal. Affirmed.

Liability for intentional intrusions on the land of another, see 1 Restatement, Torts, § 158.

*Foster & Cameron,* for appellants.

Boyles, J. Defendants (appellants) are the owners of a dam in Orleans township, Ionia county, whereby the waters of Spencer creek are impounded and used to operate a small mill owned by defendants. Plaintiff is the owner of riparian lands bordering on the millpond above the dam. This bill of complaint was filed by plaintiff to enjoin defendants from maintaining a head of water at the dam so as to overflow some of plaintiff's lands, and also to recover damages claimed to have resulted from such overflow since 1934. Plaintiff was granted injunctive relief and damages in the court below.

No question is raised as to the ownership and maintenance of the dam by defendants or the ownership of the upper lands by plaintiff. These lands were acquired by the parties hereto about the year 1919. Spencer creek is a comparatively small stream. After 1919, the wooden gates in defendants' dam became leaky and out of repair and insufficient to maintain any effective head of water. In 1934, defendants installed steel gates which were practically watertight. The effect of this was to raise the water in the pond and cast the same back upon the lands of the plaintiff. Prior to 1934, plaintiff's lands had not been flooded and plaintiff had made use of them in a profitable way. This flooding destroyed a spring and several acres of plaintiff's timber and rendered other lands useless which had been valuable for agricultural purposes. The court below found that defendants had acquired no right by prescription, necessary incidents of such right, including continuous use by overflow of plaintiff's lands for 15 years, not being present.

We find no occasion to disturb the findings of the court below. The record convincingly establishes

that the action of defendants in 1934 in installing the watertight steel gates resulted in overflowing plaintiff's lands to his damage and that defendants had no right either by prescription or otherwise to do so. Defendants did this against objections and after warnings and the fact that defendants invested several thousand dollars in the improvements under such circumstances does not lead to the conclusion that the equities are with the defendants. If a certain right is acquired by a leaky dam, there will be no right to repair it so as to make it tight and flood the upper lands to an increased extent. The extent of a presumed grant to swell water upon the land of another is measured by the land actually flooded, and not by the height of the dam. If, by means of repairs to a dam, the land be flooded to a greater extent than before, the owner of the dam is liable for the injury, although the height of the dam may not have been increased. *Mertz* v. *Dorney*, 25 Pa. 519.

The law of the case was early established by this court:

"It was claimed on the part of counsel for defendants that we should apply the rule adopted in Massachusetts, and laid down in *Cowell* v. *Thayer*, 5 Metc. (46 Mass.) 253 (38 Am. Dec. 400), and approved in *Ray* v. *Fletcher*, 12 Cush. (66 Mass.) 200, that the height to which a millowner will have a prescriptive right to maintain the water will depend upon the height of the dam by which he has raised it, and not upon the height such dam has set the water back and flowed the land in question during the prescriptive period; and, therefore, if he repairs the dam without so changing it as to raise the water higher than the old dam, when tight and in repair, would raise it, and thereby keeps the water more constantly and at a greater height than

before, it is not a new use of the stream, but a use conformable to his prescriptive right.

"We cannot accede to this doctrine. It is antagonistic to the principle which underlies the doctrine of prescription. Title or rights in lands founded on prescription originate from the fact of actual, adverse, peaceable, open, and uninterrupted possession for such length of time that the law presumes that the true owner, by his acquiescence, has granted the land, or interest to the land, so held adversely." *Turner* v. *Hart,* 71 Mich. 128, 137, 138 (15 Am. St. Rep. 243).

This doctrine has been consistently followed in later decisions of this court. *Murphy* v. *Big Rapids Water Power Co.,* 204 Mich. 511; *Stuart* v. *Detroit Finnish Co-Operative Summer Camp Assn.,* 277 Mich. 144.

The court below gave thorough consideration to the case and in an able opinion reviewed at length the testimony and properly applied the law to the facts in the case. We see no occasion to disturb the decree.

Affirmed. Appellee not having filed a brief in this court, no costs allowed.

SHARPE, C. J., and BUSHNELL, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.