McDONALD·*v.* SARGENT.

1. EASEMENTS—FLOODING OF LAND OF UPPER RIPARIAN OWNER—PRE-
SCRIPTION—NONUSER.

Easement of dam owner to flood lands of upper riparian owner,
which was imposed by prescription only, and not by grant or
reservation in chain of title of such land, was lost by nonuser
for period equal to that required for its creation.

2. SAME—PRESCRIPTION—NONUSER—COMMON LAW.

The loss of a prescriptive easement because of nonuser thereof is
effected at common law rather than by a statute in this State.

3. SAME—CREATION BY GRANT, DEED, OR RESERVATION—NONUSER.

No duty is cast upon the owner of the dominant estate created
by grant, deed, or reservation to make use of the easement or
enjoy the same as a condition to the right to retain his interest
therein as the mere nonuser of an easement thus created will
not extinguish it, even though the nonuser exist for the length
of the prescriptive period.

4. SAME—PRESCRIPTION—NONUSER—NATURE OF SERVIENT OWNER'S
POSSESSION.

An easement created by prescription will be extinguished through
possession by the servient owner for the statutory prescriptive
period without a showing that his possession was hostile or
adverse.

5. SAME—PRESCRIPTION—NONUSER.

A servitude easement imposed by prescriptive user, an unopposed,
continuous trespass for 15 years, is lost by nonuser during a
like period of 15 years.

6. DAMAGES—RECORD—FLOODING.

No damages for flooding of lands are awarded where evidence
upon such question is unsatisfactory.

7. INJUNCTION—PRESCRIPTIVE EASEMENT—NONUSER—FLOODING BY
OBSTRUCTION OF CREEK.

Where there was a dam on land down creek from plaintiffs' prop-
erty, the dam was washed away and not rebuilt for a period

of at least 25 years, and prescriptive right to flood plaintiffs'
lands was thereby lost through nonuser and not regained, de-
fendants are enjoined from causing water from the creek to
pass therefrom upon plaintiffs' land by reason of dam or other
obstruction.

Appeal from Jackson; Simpson (John), J. Sub-
mitted January 5, 1944. (Docket No. 34, Calendar
No. 42,581.) Decided April 3, 1944. Rehearing de-
nied May 17, 1944.

Bill by Wylie E. McDonald and wife against John
C. Sargent and others to restrain defendants from
flooding their land. Decree for defendants. Plain-
tiffs appeal. Reversed.

*John E. Shekell,* for plaintiff.

*H. D. Boardman,* for defendant.

WIEST, J. A creek outlet to Brill's Lake in Jack-
son county crosses plaintiffs' farm. There was a
dam across the creek below plaintiffs' property but
it was washed away sometime between the years
1901 and 1905, and not rebuilt until 1930. Plaintiffs
claim the rebuilt dam retards flowage of water in the
creek, causes their low land to be saturated with spill
water therefrom and rendered useless for pasturage
purposes and filed the bill herein to enjoin such
floodage and have damages for injuries sustained.
Defendant, by answer, denied the claimed floodage
by the rebuilt dam beyond that, if any, occasioned
by the former dam and that, by old grants and ac-
quired prescriptive rights, plaintiffs are without
remedy. By reply, plaintiffs denied the claimed
grants and averred that prescriptive right, if any,
was lost by nonuser between the time the old dam
went out and the new one was erected, a period of
25 years.

We find no grant of right of floodage of plaintiffs' land and the easement, if any, was only by prescription. Was such prescriptive easement lost by nonuser for 25 years between the time the old dam went out and the new dam was installed? After the old dam went out the low land of plaintiffs afforded pasture for cattle; at times the grass thereon was cut by a mowing machine and removed by a wagon driven upon the premises. No prescriptive easement was acquired after erection of the new dam. Plaintiffs' low land has been wet since construction of the new dam and has become boggy and unfit even for pasturage purposes, and such now continuous condition is attributable, in part, to water cast thereon by the new dam. At the most defendants' claimed easement, in its origin and existence under the old dam, rested upon a servitude imposed on plaintiffs' land by prescription. For 25 years plaintiffs' low land was free from exercise by defendants or their predecessors of any such servitude and, under the circumstances here disclosed, we hold that where the easement was imposed by prescription only, and not by grant or reservation in chain of title, defendants' nonuser for a period equal to that of its creation results in its loss. In some States, statutes so provide, but in Michigan there is no such statute, nor is one needed, for here we go to the common law.

This court, in cases involving easements by grant, in stating the rule relative thereto, has sometimes mentioned the rule we now apply to easements by prescription. But inasmuch as it was not necessary to decision in such cases we treat it as *dicta* and, therefore, consider the point here presented as of first impression in this jurisdiction.

In 17 Am. Jur. p. 1026, on the subject of Easements, it is stated:

"The cases are agreed that at least where a right of way or other easement is created by grant, deed, or reservation, no duty is thereby cast upon the owner of the dominant estate thus created to make use thereof or enjoy the same as a condition to the right to retain his interest therein; the mere nonuser of an easement will not extinguish it. In fact, it is held that even nonuser for the length of the prescriptive period does not operate to extinguish an easement created by grant, deed, or reservation. A distinction has been made, however, between easements created by grant and those created by prescription. As to easements of the latter character, it has been held that possession by the owner of the servient estate for the statutory prescriptive period will operate to extinguish the easement without showing that such possession was hostile or adverse."

Nonuser, as applied to the facts in the case at bar, is not to be confused with nonuser by claimed abandonment. Upon the subject of nonuser see 2 Thompson on Real Property (Perm. Ed.), § 702; *Rhodes* v. *Whitehead,* 27 Tex. 304 (84 Am. Dec. 631); *Browne* v. *Trustees of Methodist Episcopal Church,* 37 Md. 108; *Cox* v. *Forrest,* 60 Md. 74. We do not spend time upon the refinements indulged in some cases in construing abandonment of an easement for here we have an instance of nonuser and the intention, if any, of the dominant proprietor is not involved. If the easement by prescription is not lost by nonuser for a period of 25 years it might continue indefinitely and purchasers of the claimed servient estate, without notice, be bound thereby. Such a rule would render purchase of premises somewhat precarious and we decline to adopt it. There is nothing sacrosanct about a prescriptive easement. In this State it is no more than an unop-

posed, continuous trespass for 15 years. A servitude easement imposed by prescriptive user for 15 years is lost by nonuser during a like period of 15 years.

The evidence upon the question of damages is wholly unsatisfactory and we cannot, upon this record, award any damages.

The decree in the circuit court is reversed and a decree will be entered in this court permanently enjoining defendants from causing water from the creek to pass therefrom upon plaintiffs' land by reason of the dam or other obstruction. Plaintiffs will recover costs.

North, C. J., and Starr, Butzel, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.