## BRUMMEL *v.* BRUMMEL.

1. Frauds, Statute of—Oral Contract—Consideration—Specific Performance.

> The complete performance by plaintiff and her husband of agreement to construct a residence on land to which defendants held title supplied the consideration for the claimed oral agreement by defendants to convey the lot to their son and daughter-in-law, thereby entitling plaintiff as successor of herself and husband to specific performance of defendants' agreement notwithstanding the statute of frauds (CL 1948, §§ 566.106, 566.108).

---

References for Points in Headnotes

[1] 49 Am Jur, Statute of Frauds §§ 514, 515.
Doctrine of part performance in suits for specific performance of parol contract to convey real property. 101 ALR 923.
Character and extent of improvements necessary to constitute part performance. 33 ALR 1489.
[2] 49 Am Jur, Statute of Frauds §§ 618–622.
Doctrine of part performance in suits for specific performance of parol contract to convey real property. 101 ALR 923.
Character and extent of improvements necessary to constitute part performance. 33 ALR 1489.
[3] 49 Am Jur, Statute of Frauds § 419.
[4] 49 Am Jur, Statute of Frauds § 622.
Doctrine of part performance in suits for specific performance of parol contract to convey real property. 101 ALR 923.

2. SPECIFIC PERFORMANCE—ORAL CONTRACT TO CONVEY LAND—PERFORMANCE—EVIDENCE.

 Decree of specific performance of oral agreement to convey 1-acre lot by defendants to their son and his wife *held*, supported by evidence showing their compliance with promise to build a house thereon, and the procurement of a survey and separate assessment of the property by defendants.

3. FRAUDS, STATUTE OF—PERFORMANCE BY ONE PARTY—EQUITY.

 If one party to an oral contract, in reliance thereupon, has performed his obligation thereunder so that it would be a fraud upon him to allow the other party to repudiate the contract by interposing the statute of frauds, equity will regard the contract as removed from the operation of the statute (CL 1948, §§ 566.106, 566.108).

4. SPECIFIC PERFORMANCE—ORAL CONTRACT.

 An oral contract to convey land must be established by clear and convincing evidence in order to obtain specific enforcement thereof notwithstanding the statute of frauds (CL 1948, §§ 566.106, 566.108).

Appeal from Washtenaw; Breakey, Jr. (James R.), J. Submitted April 4, 1961. (Docket No. 56, Calendar No. 48,707.) Decided June 29, 1961.

Bill by Edna Brummel against James J. Brummel, Sr., and Laura Brummel for specific performance of oral contract to convey land. Decree for plaintiff. Defendants appeal. Affirmed.

*Dunbar Davis,* for plaintiff.

*Bernard G. Sloan (Helen Theut Bevens,* of counsel), for defendants.

CARR, J. Plaintiff brought this suit in equity in the circuit court of Washtenaw county seeking the specific performance of an oral agreement for the conveyance of approximately 1 acre of land. From the record before us it appears that in June, 1952, the defendants were the owners of real estate, approximately 100 acres in extent, in Salem township

of said county. Plaintiff was at the time the wife of the son of the defendants. The bill of complaint filed by her averred that an agreement was made between herself and husband and the defendants that if the son and plaintiff would construct a residence on a parcel of land, approximately 1 acre in extent, in a corner of the tract owned by defendants a conveyance of said site would be executed to them. Plaintiff further alleged that the agreement was carried out by herself and her husband, that the residence was duly constructed, and that she and her husband lived therein, occupying the property as their own and paying taxes and insurance thereon.

In February, 1957, plaintiff and her husband separated and were divorced approximately 1 year later. In the course of the divorce proceedings a property settlement agreement was made between the parties providing for the sale of their interest in and to the property in question, and for the payment to plaintiff of $5,000 from the proceeds. Thereafter by virtue of a circuit court commissioner's deed to plaintiff she became the owner of the right, title, and interest of her former husband.

It further appears from the record that a loan was procured, the proceeds thereof being deposited in the account of James Brummel, Jr., for use in the construction of the residence, the note evidencing the obligation so created being signed by defendants and by plaintiff's husband. Defendants having refused a demand for a conveyance of the property, the instant case was instituted by plaintiff.

Defendants filed answer to the bill of complaint denying the making of any agreement of the character claimed by plaintiff, alleging further that defendants had borrowed the money with which the residence was constructed but not denying that their son had signed the note with them, and asserting that plaintiff was not entitled to the relief sought.

It was also pleaded on behalf of defendants that plaintiff's claim was invalid under the Michigan statute of frauds. Apparently the latter claim was based on CL 1948, §§ 566.106, 566.108 (Stat Ann 1953 Rev §§ 26.906, 26.908). The proofs taken on the trial of the case supported the averments of the bill of complaint with reference to the construction of the residence by plaintiff and her husband, the occupancy thereof for a period of several years, the making of payments for taxes and insurance and on the mortgage indebtedness, and the marital difficulties culminating in the suit for divorce and the subsequent decree by which the property settlement between the parties was approved. Apparently it is not disputed that if plaintiff and her husband were entitled to a conveyance of the 1 acre on which they had built their home, the plaintiff succeeded to such right by virtue of prior court proceedings.

It appears from the proofs that defendant James Brummel, Sr., caused a survey to be made of the parcel of land on which the residence had been constructed, and that he caused such land with the residence thereon to be separately assessed from the balance of the tract that he owned. Such fact appeared from the testimony of a witness who was supervisor of the township at the time of such action, the witness claiming that said defendant had given him to understand that the owners of the legal title were selling the parcel to their son, or at least intending to convey it to him.

After listening to the proofs on the hearing the trial judge came to the conclusion that the facts were substantially as claimed by plaintiff, and a decree was entered accordingly directing the execution of a proper conveyance in accordance with the prayer of the bill of complaint. The court further found that the sum of $2,500 was still due and owing on the indebtedness resulting from the construction of

the residence and required plaintiff to make payment thereof. The court further found that a prior mortgage executed by the defendants on the tract owned by them had been discharged, thus obviating any obstacle to the conveyance to plaintiff of a clear title to the parcel here in dispute. From the decree entered, defendants have appealed.

It clearly appears from the pleadings and the proofs that the question at issue is whether plaintiff at the time she brought suit was entitled to specific performance of the agreement alleged to have been made by herself and her then husband with the defendants. We are not dealing with an alleged gift or with a promise to make a gift. The performance by plaintiff and her husband of the agreement to construct the residence on land to which defendants held legal title, and the carrying out of such promise, supplied the consideration for the claimed agreement by defendants to convey the lot to their son and daughter-in-law. The existence of the mortgage on the including tract was quite possibly a reason for the failure to act immediately on the completion of the residence but the delay, regardless of the cause thereof, did not deprive the promisees of their right to insist that the agreement be carried out, complete performance on their part having taken place. Such performance removed the contract from the inhibition of the provisions of the statute of frauds pleaded by defendants.

The act of defendant James Brummel, Sr., in procuring a survey of the parcel on which the residence was constructed, and causing it to be assessed to his son, is particularly significant. Obviously defendants recognized the rights of their son and his wife with reference to the land in dispute, and the separation in the manner indicated of said parcel from defendants' tract cannot be explained except on the theory that they intended at the time that legal

title would be conveyed in accordance with the arrangement made. We are in accord with the findings and conclusions of the trial judge. The decree entered is fully supported by the proofs.

This Court in numerous prior decisions has recognized the equitable principles on which relief was granted by the decree entered in this case. Under analogous circumstances it was said in *Kendzierski* v. *Kendzierski*, 293 Mich 701, 705, that:

"As an abstract proposition it is true that courts will not specifically enforce an oral agreement, unaccompanied by other controlling circumstances, to make a will by means of which an interest in real estate passes. *King* v. *Luyckx*, 280 Mich 117. But in this jurisdiction the cases are too numerous to require citation wherein it is held that an oral contract of the character herein alleged by plaintiffs to convey real property which contract has been fully executed by the expectant grantees will on their application be specifically performed by the courts. As examples of cases of this character, see *Briggs* v. *Briggs*, 113 Mich 371; *Duncan* v. *Duncan*, 288 Mich 306."

Of like import is the decision in *Guzorek* v. *Williams*, 300 Mich 633, the Court, after reference to the statute of frauds, saying (pp 638, 639):

"However, equity will grant specific performance of such contracts in the proper instances. If one party to an oral contract, in reliance upon the contract, has performed his obligation thereunder so that it would be a fraud upon him to allow the other party to repudiate the contract, by interposing the statute, equity will regard the contract as removed from the operation of the statute. See *Lyle* v. *Munson*, 213 Mich 250; *Sage* v. *Sage*, 230 Mich 477; *Woods* v. *Johnson*, 266 Mich 172; *Policha* v. *Voss*, 292 Mich 494. The contract to be enforced must be established by clear and convincing evidence. See *Van Houten* v. *Vorce*, 259 Mich 545."

The above decisions were cited and followed in *McDonald* v. *Scheifler,* 323 Mich 117.

The applicable rule of equity illustrated by the above decisions and other cases of like import is followed by decisions in other States. The case of *Hill* v. *Chambers,* 136 Colo 129 (314 P2d 707), is of special interest because of the facts involved. As in the case at bar, the suit was one for the enforcement of an alleged oral agreement made between plaintiffs and defendants pursuant to which the latter were to convey to plaintiffs 1 acre of ground if plaintiffs would build a house thereon. The consideration alleged, as in the case at bar, was the actual construction of the house. The court found that the great weight of the evidence established the making of the oral agreement, that it had been duly performed on the part of plaintiffs, that, in consequence, it was not subject to the statute of frauds of the State of Colorado, and that plaintiffs were entitled to the relief sought. The decree of the trial court requiring specific performance by proper conveyance was affirmed.

In the case at bar we find that the plaintiff was entitled to the relief sought by her and the decree of the circuit court is affirmed. Plaintiff may have costs.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.