DYER v. THURSTON

1. EASEMENTS—PRESCRIPTIVE EASEMENT—ELEMENTS.

   The basic elements for a prescriptive easement are: (1) continued and uninterrupted use or enjoyment, (2) identity of the thing enjoyed, and (3) a claim of right adverse to the owner of the soil, known to or acquiesced in by him.

2. EASEMENTS—PRESCRIPTIVE EASEMENT—ADVERSE CLAIM OF RIGHT —PRESUMPTIONS—LOST GRANT.

   A conclusive presumption arises in prescriptive easement cases that an adverse claim of right originated in a grant where the use has continued for many years and there is no proof available whether the claimed prescriptive easement originated in written grant or oral permission.

3. EASEMENTS—PRESCRIPTIVE EASEMENT—PERMISSIVE USE—BURDEN OF PROOF.

   The party against whom a prescriptive easement is being claimed has the burden to show that the use of the land by the claimant was merely permissive where the use has continued for many years.

4. EASEMENTS—APPURTENANT EASEMENTS—DEEDS—PASSING TITLE.

   An easement appurtenant, once established, passes by the deed of the dominant estate although not expressly mentioned in the instrument of transfer and even without the word "appurtenant".

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur 2d, Easements and Licenses § 49 *et seq.*
[2, 3] 25 Am Jur 2d, Easements and Licenses § 119.
   Easement by prescription: presumption and burden of proof as to adverse character of use. 170 ALR 776.
[4] 25 Am Jur 2d, Easements and Licenses § 95.
[5] 25 Am Jur 2d, Easements and Licenses §§ 56, 57.

5. EASEMENTS—PRESCRIPTIVE EASEMENT—CONTINUOUS USE—SUM-
  MER COTTAGES—CONSTANT USE.

   A *pathway* easement to a summer cottage is considered to be
   in continuous use if it is used merely seasonally, because
   the use is consistent with the nature and character of the
   easement; it is inherent that continuous use does not mean
   constant use.

Appeal from Calhoun, Creighton R. Coleman, J.
Submitted Division 3 March 3, 1971, at Grand Ra-
pids. (Docket No. 9981.) Decided April 2, 1971.
Leave to appeal denied, 385 Mich 770.

Complaint by Noel A. Dyer and Verlie M. Dyer
against Jack L. Thurston and Barbara J. Thurston
for damages for trespass and an injunction prohib-
iting the Thurstons from using a pathway on the
Dyers' land. Judgment for defendants. Plaintiffs
appeal. Affirmed.

*Cooke & Aldrich* (by *Andrew Cooke*), for plain-
tiffs.

*Vandervoort, McFee, Christ & Carpenter* (by
*Robert D. McFee*), for defendants.

Before: FITZGERALD, P. J., and HOLBROOK and
BRONSON, JJ.

PER CURIAM. Plaintiffs-appellants and defend-
ants-appellees are adjoining landowners. At one
time both properties were owned by one owner. For
a good number of years in the past there had been
joint use by the residents of the two properties of a
path that runs from defendants' property, across
plaintiffs' property, and thence to a lake. Plaintiffs
in 1967 became unwilling to allow defendants to use
the pathway and constructed a fence across their

property. Defendants took down the fence and continued to use the pathway.

The lower court, sitting without a jury, found that defendants had a prescriptive easement and, thus, were entitled to use the pathway to the lake and to keep a small rowboat at the site.

Plaintiffs appeal, raising 11 issues, all of which condense to whether or not the trial court was correct in ruling that defendants had a prescriptive easement.

The basic elements for a prescriptive easement are:

(1) Continued and uninterrupted use or enjoyment;

(2) Identity of the thing enjoyed, and;

(3) A claim of right adverse to the owner of the soil, known to or acquiesced in by him.  8 Callaghan's Michigan Civil Jurisprudence, Easements, § 15; *Village of Manchester* v. *Blaess* (1932), 258 Mich 652.

Concerning the adverse claim of right requirement, there is a presumption that arises in certain circumstances.  A conclusive presumption arises that the right originated in a grant when the use has continued for many years, as in the instant case, and no proof of whether the claimed prescriptive easement originated in written grant or oral permission is available.  8 Callaghan's Michigan Civil Jurisprudence, Easements, § 15.  The plaintiffs thus had the burden to show that the use was merely permissive. *Engleman* v. *City of Kalamazoo* (1925), 229 Mich 603, 607.

In this case, there was no proof as to whether the claimed prescriptive easement originated in written grant or oral permission, so a conclusive presumption arose that the right originated in a grant.

Plaintiffs further contend that the pathway easement is void because not mentioned in the title documents. There is ample authority for the proposition that, once established, an easement appurtenant passes by the deed of the dominant estate although not expressly mentioned in the instrument of transfer, and even without the word "appurtenant". See *Haab* v. *Moorman* (1952), 332 Mich 126, 143, 144, and cases cited therein.

As for plaintiffs' contention that the use of the pathway by defendants was not continuous, it is inherent that continuous use does not mean constant use. A pathway easement to a summer cottage is considered to be in continuous use if it is used merely seasonally. This use would be in keeping with the nature and character of the right claimed. *Von Meding* v. *Strahl* (1948), 319 Mich 598, 613. The finding of the trial court that the easement was in continuous use was not clearly erroneous. GCR 1963, 517.1.

Therefore, the lower court should be, and hereby is, affirmed. Costs to appellees.