GOODALL v WHITEFISH HUNTING CLUB

Docket No. 168860. Submitted October 4, 1994, at Marquette. Decided February 21, 1995, at 9:10 A.M.

Little Nubbin Hunting Club, Inc., brought an action in the Delta Circuit Court against Whitefish Hunting Club and others, seeking an injunction prohibiting the defendants from blocking access to roads that crossed the defendants' property, claiming a right to use those roads by prescriptive easement. Dale Goodall and other members of Little Nubbin were substituted as parties plaintiff. The defendants argued that because their property was registered under the provisions of the Commercial Forest Act, MCL 320.301 *et seq.*; MSA 13.221 *et seq.*, which requires that such lands be open to the public for hunting and fishing, and because the plaintiffs' use of the roadways had been for the purpose of reaching hunting and fishing areas open to the public, the use was permissive and thus an easement by prescription could not arise. The trial court, Dean J. Shipman, J., granted summary disposition for the defendants on that basis. The plaintiffs appealed, and the defendants cross appealed.

The Court of Appeals *held:*

Any use of land registered pursuant to the Commercial Forest Act involving activities directly related to hunting and fishing, including the use of motor vehicles to reach hunting and fishing areas, no matter how long continued, cannot give rise to a prescriptive easement. To permit such use to ripen into an enforceable easement would conflict with the spirit and purpose of the Commercial Forest Act.

Affirmed.

*Peterson, Beauchamp, DeGrand, Reardon & Hall, P.C.* (by *Daniel R. DeGrand*), for the plaintiffs.

*Kendricks, Bordeau, Adamini, Keefe, Smith, Girard & Seavoy, P.C.* (by *Dennis H. Girard*), for the defendants.

Before: GRIFFIN, P.J., and SAWYER and R. L. ZIOLKOWSKI,* JJ.

GRIFFIN, P.J. Plaintiffs appeal and defendants cross appeal an order of the circuit court granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8) regarding plaintiffs' claim of prescriptive easement. The circuit court determined that members of the public cannot acquire prescriptive easement rights over lands registered under the Commercial Forest Act (CFA), MCL 320.301 *et seq.*; MSA 13.221 *et seq.*, because the lands are open to the public for hunting and fishing purposes. We affirm.

I

In 1966, plaintiffs Dale Goodall, Gary Goodall, Richard Woiderski, and James Woiderski purchased a tract of property in Masonville Township in Delta County. Their predecessors in interest to the property were Charlotte and Lynn Levernier. In November 1978, the property was transferred by plaintiffs to the Little Nubbin Hunting Club, Inc., of which all plaintiffs are members.[1] The property is located in the same township in Delta County as defendants' respective parcels of land.

On October 21, 1992, plaintiffs brought the instant action, seeking injunctive relief regarding their alleged prescriptive easements over defendants' property. In their complaint, plaintiffs alleged that they used various roads and trails over defendants' property since 1966. Plaintiffs used

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The Little Nubbin Hunting Club, Inc., was the original party plaintiff in the instant action. However, in an order entered on February 9, 1993, the trial court granted defendants' motion for summary disposition under MCR 2.116(C)(8) and dismissed it from the action. Nevertheless, the trial court allowed the corporation to substitute its members as appropriate party plaintiffs.

these roads to drive to various hunting sites located on federal forest land and privately owned lands that were registered under the CFA.

No one interfered with plaintiffs' use of the property until it was purchased by defendants in 1990 and 1991. Following the purchase, plaintiffs alleged that defendants "unlawfully" attempted to block their access to the roads over defendants' property. Plaintiffs claimed that they acquired by prescription easements in gross over defendants' property through their open, continuous, notorious, hostile, and adverse use of the land.

On June 8, 1993, a hearing was held with respect to defendants' motion for summary disposition pursuant to MCR 2.116(C)(8). At the hearing, defendants raised two arguments. First, defendants argued that Michigan law prohibits the public from obtaining an easement in gross with respect to public lands. Further, defendants claimed that plaintiffs' complaint failed to state a claim for prescriptive or adverse use for the requisite fifteen-year period. Defendants asserted that any use of their property by plaintiffs was permissive after 1972 when it was opened to the general public for hunting and fishing purposes under the CFA. The trial court agreed with defendants' second argument and dismissed plaintiffs' claim of prescriptive easement.

II

At issue in this case is whether the registration of land under the CFA precludes the establishment of a prescriptive easement as a matter of law. Section 10 of the CFA, MCL 320.310; MSA 13.230, forbids the owner of commercial forestland from denying the general public the privilege of hunting

or fishing. Before amendment by 1993 PA 70, § 10(1)[2] provided:

> The owner of land listed as a commercial forest shall not make use of that land in a manner which would be prejudicial to its development as a commercial forest and shall not use the land for industrial, recreational, or other commercial purposes, nor enjoy exclusive privileges as to hunting and fishing upon the land. However, the general public shall be accorded the privilege of hunting and fishing on all lands listed as commercial forest except if the lands are closed to hunting or fishing, or both, by order of the natural resources commission or by an act of the legislature. Exploration for mineral deposits shall be permitted on land listed under this act. If commercial mineral deposits are discovered and extraction is to be undertaken, the lands affected shall be removed from the provisions of this act and penalties paid pursuant to section 7.

As a general rule, an easement by prescription arises from a use of the servient estate that is open, notorious, adverse, and continuous for a period of fifteen years. *Marr v Hemenny,* 297 Mich 311; 297 NW 504 (1941); *Dyer v Thurston,* 32 Mich App 341, 343; 188 NW2d 633 (1971); MCL

---

[2] 1993 PA 70 amended this section to read:

> Except as provided in this section, the owner of a commercial forest shall not use that land in a manner that is prejudicial to its development as a commercial forest, use the land for agricultural, mineral extraction except as provided in this section, grazing, industrial, developed recreational, residential, resort, commercial, or developmental purposes, or deny the general public the privilege of hunting and fishing on commercial forestland unless the land is closed to hunting or fishing, or both, by order of the commission of natural resources or by an act of the legislature. [MCL 320.310(1); MSA 13.230(1).]

Although we apply the language of this section as it was before the 1993 amendment, we note no substantive change that would affect the present issue.

600.5801; MSA 27A.5801. A use is "adverse" when it would entitle the landowner to a cause of action against the trespasser:

> The term "hostile" as employed in the law of adverse possession is a term of art and does not imply ill will. Nor is the claimant required to make express declarations of adverse intent during the prescriptive period. Adverse or hostile use is use inconsistent with the right of the owner, without permission asked or given, use such as would entitle the owner to a cause of action against the intruder. See *Rose v Fuller*, 21 Mich App 172; 175 NW2d 344 (1970); also, 25 Am Jur 2d, Easements and Licenses, § 51, pp 460-461. [*Mumrow v Riddle*, 67 Mich App 693, 698; 242 NW2d 489 (1976).]

In arguing for an easement by prescription, plaintiffs rely heavily upon an administrative regulation promulgated under the CFA that permits a landowner to forbid activities other than hunting and fishing. 1987 AACS, R 299.2605a provides in pertinent part that "[t]he owner of listed land may restrict, through posting, activities other than public hunting and fishing" and "[f]ences and gates do not disqualify land from listing if the owner allows public entry for hunting and fishing."

We agree that 1987 AACS, R 299.2605a clearly allows a landowner to erect gates or fences across roadways or to ban motor vehicles from his property. All that is required under the CFA is that the public be allowed access to the land for hunting and fishing purposes.

In the present case, plaintiffs' use of defendants' roads was related directly to the CFA's protected activity of hunting and fishing. The CFA clearly was designed to encourage the landowner to allow

open access to his property for purposes of hunting and fishing. Permitting prescriptive easements to be created if motor vehicles are used to gain access to such lands would conflict with the spirit and purpose of the act.

Principles of equity and public policy compel this result. We are persuaded by the following arguments advanced by defendants in their brief:

> It is contrary to the intent of the CFA to require landowners to hold their land open for public use, and to then allow loss of a part of their ownership rights as a result of claimed adverse use in excess of fifteen (15) years. The CFA grants monetary incentive for landowners to register their land under the act for periods of 20 years or longer. MCLA 320.307; MSA 13.230 [sic, MSA 13.227]. Consequently, compliance with the act for at least this twenty (20) year period would render all CFA lands subject to prescriptive easement claims, such as those now made. It is against public policy and the intent of the CFA to allow easement by prescription to be claimed in these situations.

Finally, in a somewhat analogous context, we note the Legislature has decided that a claim of adverse possession against state lands is against public policy and, therefore, will not be recognized. MCL 600.5821(1); MSA 27A.5821(1), see *Gorte v Dep't of Transportation,* 202 Mich App 161; 507 NW2d 797 (1993).

For these reasons, we affirm and hold that with respect to activities directly related to hunting and fishing, prescriptive easements may not arise with respect to lands registered under the CFA. In view of our disposition, we find it unnecessary to address the remaining issues.

Affirmed.