# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES C. HIGGS and REBECCA R. HIGGS,

        Plaintiffs/Counter Defendants-
        Appellants,

and

KURT FEIGHT,

        Plaintiff,

v

TERRI RAMON AND TERRY LOTT,

        Defendants/Counter Plaintiffs-
        Appellees.

UNPUBLISHED
May 5, 2015

No.  321102
Isabella Circuit Court
LC No.  2012-010254

Before:  OWENS, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Plaintiffs filed this action seeking a judgment that they had a prescriptive easement to traverse a driveway that ran through defendant's property and provided access to two parking spots behind plaintiff's building.  After a bench trial, the court held that plaintiffs did not have a prescriptive easement over the property.  Plaintiffs appeal as of right.  We affirm.

## I.  FACTUAL BACKGROUND

Plaintiffs are the present owners of a building located at 117 S. University.  Defendants are the owners of buildings located at 119 S. University, located immediately adjacent to 117 S. University, and 121 S. University, located immediately adjacent to 119 S. University.  All three buildings face S. University Street.  Immediately adjacent to 121 S. University is a building that is actually separated into two premises, one of which faces S. University Street, and one of which faces Michigan Avenue, which runs perpendicular to S. University Street.  The driveway in dispute begins on Michigan Avenue running parallel to S. University Street and perpendicular to Michigan Avenue.  The driveway traverses through 121 S. University, 119 S. University, and 117 S. University.

-1-

Back in the early 1970s, litigation arose between the owner of 121 S. University and the owner of the property abutting Michigan Avenue to the south and 121 S. University Street to the north. That litigation ended with a finding that the owners of 121 S. University, 119 S. University, and 117 S. University all had a prescriptive easement to cross the portion of the driveway that traversed the property abutting Michigan Avenue and running perpendicular to S. University Street. The document that emerged establishing this easement, entitled "Grant of Right of Way," was introduced at trial. However, neither that document nor the litigation gave the owner of 119 S. University a recorded easement over 121 S. University or the owner of 117 S. University a recorded easement over 119 S. University and 121 S. University.

Yvonne Stein, one of plaintiffs' predecessors in interest, testified that she and her husband purchased 117 S. University and received full title to the property from the bank in 1980. Mr. Stein's law practice was located at 117 S. University. Mrs. Stein testified that her husband traversed the driveway on a daily basis to access two parking spaces at the rear of 117 S. University. She further testified that she and her husband did not think they needed permission to use the driveway and that the "Grant of Right of Way" gave them the right to use the entire portion of the driveway.

Defendants acquired 121 S. University in 2010 and also at some point acquired 119 S. University. One of defendants, Terry Lott, testified that as part of building renovations beginning on Labor Day 2010, he placed a dumpster that blocked the driveway. Lott testified that the dumpster remained until December 2010 and that he never received any complaints. However, plaintiff Rebecca Higgs testified that the dumpster did not completely block the driveway and that she was still able to drive along it.

The trial court determined that the important time frame for its consideration was the 15-year timespan running from 1980, the time when plaintiffs' predecessor in interest acquired full title to the property, until 1995. The trial court stated that it was satisfied that use of the driveway by plaintiffs' predecessors was both open and notorious and continuous from 1980 until 1995. However, the trial court found that no prescriptive easement existed because the use was not adverse or hostile. In reaching this conclusion, the trial court focused its attention on two documents: (1) the 1974 Grant of Right of Way that resulted from litigation between Calvin Ohls and Robert Cook, and (2) a 1995 deed by one of defendants' predecessors in interest transferring 121 S. University to another one of defendants' predecessors in interest that was prepared and drafted by Mr. Stein.

As to the 1974 Grant of Right of Way, the court inferred from that admitted exhibit that since all parties to the Grant that were obtaining an easement over the driveway passing by the Scott's property were all the owners of 117, 119 and 121 South University, that had there not been permission amongst them to traverse over the remainder of the drive, the property owners would have addressed the issue in separate recorded grants of easement. As to the 1995 deed drafted by Stein, the trial court stated:

> The Court has a hard time believing that an attorney who was as well respected within the legal community as Mr. Stein would do the legal work for a client, drafting this deed conveying this property, while believing that at the same

time he was acquiring a prescriptive easement over the client's property. I . . . just don't see something like that happening.

> We heard testimony from Mrs. Stein that she and her husband basically got along with everybody. So it makes the Court come to the conclusion that use of the property at 121 South University was permissive and consequently a license.

The trial court entered judgment in favor of defendants, finding that plaintiffs did not have a prescriptive easement to traverse the portion of the driveway that traversed 121 S. University and 119 S. University.

## II. STANDARD OF REVIEW

"Actions to quiet title are equitable, and [this Court] review[s] the trial court's holdings de novo." *Matthews v Dep't of Natural Resources*, 288 Mich App 23, 35; 792 NW2d 40 (2010). Factual findings are reviewed for clear error. *Id.* Unpreserved errors are reviewed "are reviewed for plain error affecting substantial rights." *Nat'l Wildlife Federation v Dep't of Environmental Quality*, 306 Mich App 369, 373; 856 NW2d 394 (2014).

## III. ANALYSIS

"An easement by prescription arises from a use of the servient estate that is open, notorious, adverse, and continuous for a period of fifteen years." *Killips v Mannisto*, 244 Mich App 256, 258-259; 624 NW2d 224 (2001). The plaintiff has the burden of proving a prescriptive easement to the trial court. *Widmayer v Leonard*, 422 Mich 280, 290; 373 NW2d 538 (1985). However once a plaintiff proves use of the land for the statutory period, "the burden of producing evidence shift[s] to [the] defendant[ ]to establish that plaintiffs' use was permissive." *Id.*

Additionally, for an easement created by prescription to be extinguished, its use would have to cease "for a period equal to that of its creation." *McDonald v Sargent*, 308 Mich 341, 343; 13 NW2d 843 (1944). See also *Cook v Grand River Hydroelectric Power Co*, 131 Mich App 821, 827; 346 NW2d 881 (1984) (explaining that abandonment of a prescriptive easement requires showing non-use for at least 15 years). Once an easement is established, it "passes by the deed of the dominant estate although not expressly mentioned in the instrument of transfer." *Dyer v Thurston*, 32 Mich App 341, 344; 188 NW2d 633 (1971).

Again, the trial court found that no prescriptive easement existed in this case because the use of the driveway was not hostile or adverse. "The term 'hostile' as employed in the law of adverse possession is a term of art and does not imply ill will." *Mumrow v Riddle*, 67 Mich App 693, 698; 242 NW2d 489 (1976). The plaintiff is not required to show "adverse intent." *Id.* "Adverse or hostile use is use inconsistent with the right of the owner, without permission asked or given, use such as would entitle the owner to a cause of action against the intruder." *Id.*

The court found plaintiffs' predecessors use of the drive to be permissive, and therefore not adverse or hostile, by making reasonable inferences from two documents submitted during

-3-

trial. As noted earlier, the first was the 1974 Grant of Right of Way. From that document the court inferred that if the S. University property owners had disagreed about their respective uses of the drive at issue, they would have addressed any such dispute in a separate easement. Indeed, the Grant dealt with partial use of the drive, and all relevant property owners were parties to the Grant. The fact that the owners did not address that issue permits an inference that they agreed to use the remainder of the drive to access their respective properties.

It was also reasonable for the trial court to infer that Mr. Stein (who at the time still owned 117 South University) would not have drafted the 1995 deeds for the owners of 121 S. University if he was of the opinion that he was asserting a prescriptive easement against that same property. Certainly a competent attorney would not draft deeds for a client while at the same time silently asserting an easement that would burden that same property. See MRPC 1.7 and 1.8. Plaintiffs' challenge to the trial court's comment when making this finding that Mr. Stein was "well respected in the legal community" is misplaced. The trial court's comment was nothing more than a description, similar to one describing an attorney's action as one of a reasonable attorney or, for that matter, like the historical use of the reasonable person standard in tort law. In any event the characterization was not material to the court's findings as to the 1974 Grant, and as to the 1995 deeds, the same inference would exist if *any* competent attorney prepared the deeds. In other words, what was critical to the court's inferences and findings were the circumstances under which the deeds were prepared, not the reputation of the attorney preparing the deeds. Accordingly, if the characterization was error, it was surely harmless.

We hold that the reasonable inferences from these two pieces of evidence was enough to allow the court to conclude that plaintiffs' use was permissive, and therefore that no prescriptive easement existed.

Affirmed.

/s/ Kathleen Jansen
/s/ Christopher M. Murray

-4-