# STATE OF MICHIGAN

# COURT OF APPEALS

---

MARK & NANCY REAL ESTATE COMPANY,

      Plaintiff-Appellant,

v

WEST BLOOMFIELD PLAZA, LLC,

      Defendant-Appellee.

UNPUBLISHED
November 21, 2017

No. 333325
Oakland Circuit Court
LC No. 2016-151398-CH

---

Before: JANSEN, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendant's motion for summary disposition under MCR 2.116(C)(8) in this easement dispute. We affirm.

## I. FACTS

Plaintiff owned commercial real property "adjoining, abutting and contiguous" to the commercial real property owned by defendant. Plaintiff asserted that, in 1989, plaintiff and defendant's predecessor entered into an informal verbal agreement that customers of either business could enter and exit from access points on either property and could park on either property. According to plaintiff, the informal verbal agreement was honored and utilized "almost daily" by plaintiff, defendant, and defendant's predecessor. When plaintiff had an opportunity to "sell and/or redevelop" its property, it approached defendant and proposed reducing the informal verbal agreement to writing. Plaintiff alleged that representatives for defendant, Bryan and Charles Peruski, confirmed the verbal understanding and encouraged plaintiff to draw up a written document. When presented with the written agreement, however, defendant declared that it was not in its best interest to sign the agreement and refused to sign the document. Plaintiff then sought a declaratory judgment that the informal verbal agreement established an express easement or, in the alternative, that a prescriptive easement had been formed.

Defendant filed a motion for summary disposition under MCR 2.116(C)(8), arguing that plaintiff could not state a claim for an oral easement because easements are an interest in real property that require a writing to satisfy the statute of frauds and no such writing existed. Further, plaintiff could not establish a prescriptive easement claim because plaintiff's use of defendant's property was permissive, not hostile. Plaintiff responded, arguing that performance or part performance of an oral agreement for an interest in land took the matter outside of the

operation of the statute of frauds, making a writing unnecessary. Plaintiff further argued that the parties intended to create an easement; thus, even if the court found that the statute of frauds was not satisfied with regard to an express easement, a prescriptive easement was formed because there was an intended but imperfectly created servitude.

The trial court agreed with defendant, holding that a writing was required to form an express easement and it was undisputed that no such written agreement existed. Further, because plaintiff's use of defendant's property was not hostile, plaintiff could not prove the adverse element of its claim for a prescriptive easement. Accordingly, the trial court granted defendant's motion for summary disposition under MCR 2.116(C)(8), finding that "[b]ased on the allegation in the plaintiff's complaint no factual development could possibly justify the relief requested and the court finds that plaintiff's claims are clearly unenforceable as a matter of law." This appeal followed.

## II. ANALYSIS

### A. STANDARD OF REVIEW

We review de novo a trial court's decision to grant summary disposition under MCR 2.116(C)(8). *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint." *Id*. at 119. "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant" to determine whether the claims alleged are clearly unenforceable as a matter of law. *Id*.

### B. EXPRESS EASEMENT

As our Supreme Court held in *Forge v Smith*, 458 Mich 198; 580 NW2d 876 (1998):

 An easement is an interest in land that is subject to the statute of frauds. In order to create an express easement, there must be language in the writing manifesting a clear intent to create a servitude. Any ambiguities are resolved in favor of use of the land free of easements. [*Id*. at 205 (footnotes omitted).]

Here, plaintiff admits that no writing existed to memorialize the alleged verbal agreement between the parties to create an easement. In fact, plaintiff concedes in its complaint that defendant refused to sign any such written agreement.

Nevertheless, plaintiff argues that part performance of an oral agreement for an interest in land takes the agreement outside of the operation of the statute of frauds and requires specific performance. Plaintiff cites to *Schultz v Huffman*, 127 Mich 276; 86 NW 823 (1901), in support of its argument. In *Schultz*, the plaintiff entered into a verbal agreement with the defendant to share the cost of acquiring an easement to drain their lands into the drainage ditch of other landowners, which would require the extension of the ditch to the parties' properties. *Id*. at 277-278. Eventually, the plaintiff filed a lawsuit to collect the defendant's share of the cost, but the defendant refused to pay because he was never given the written easement setting forth his right to drain across the other landowners' land. *Id*. at 279. The plaintiff argued that he was entitled to payment because of his "part performance," apparently by actually extending the ditch. *Id*. at 278, 280. But the trial court agreed with the defendant's position, holding that the plaintiff failed

to perform his end of the agreement by securing an easement in writing for the defendant; thus, defendant was also not obligated to perform. *Id*. at 279-280. It is clear that the facts in the *Schultz* case are not comparable to the facts in this case.

As noted by defendant, the "part performance rule" was set forth by the Michigan Supreme Court in *Kent Furniture Mfg Co v Long*, 111 Mich 383, 389-390; 69 NW 657 (1897): "[W]here, under an agreement to convey land, the purchase money has been paid, and possession has been taken, these acts of part performance are sufficient to take the case out of the statute of frauds, and to entitle the purchaser to a decree for specific performance." In that case, the plaintiff gave up its right to use a certain railroad track—which was to be removed, in exchange for the right to use a new railroad track being laid by the defendants. *Id*. at 388-389. But when the plaintiff attempted to use the new track, the defendant claimed that the agreement "was resting in parol [and] could not be enforced." *Id*. at 389. Our Supreme Court held that the parol defense could not be asserted because the plaintiff had fully performed its part of the agreement by surrendering its rights in the old railroad track and, thus, had the right to insist that the defendant be compelled to specifically perform its part of the agreement by allowing the plaintiff to use the new track. *Id*. at 389-390.

In this case, there appears to have been a mutually beneficial verbal agreement between the parties that their customers could drive and park on their properties without obstruction. However, plaintiff did nothing to its detriment in exchange for or in reliance on that purported agreement. The fact that plaintiff allowed the use of its property by defendant's customers in exchange for use of defendant's property for plaintiff's customers does not warrant the application of the "part performance rule." In other words, there is no reason that "it would be a fraud upon [plaintiff] to allow the other party to repudiate the contract" by raising the statute of frauds as a defense. *Brummel v Brummel*, 363 Mich 447, 452; 109 NW2d 782 (1961). Therefore, equity may not intervene and order specific performance of an alleged oral agreement. *Id*.; *Kent Furniture Mfg Co*, 111 Mich at 389-390. Accordingly, the trial court properly held that plaintiff's claim—that an enforceable express easement existed even though the statute of frauds was not satisfied—fails as a matter of law because no factual development could possibly justify recovery.

## C. PRESCRIPTIVE EASEMENT

Plaintiff argues in the alternative that a prescriptive easement existed and that the trial court erred when it concluded that the adverse or hostile use element for a prescriptive easement was not met. We disagree.

"An easement by prescription results from use of another's property that is open, notorious, adverse, and continuous for a period of fifteen years." *Plymouth Canton Community Crier, Inc v Prose*, 242 Mich App 676, 679; 619 NW2d 725 (2000). "Adverse or hostile use is use inconsistent with the right of the owner, without permission asked or given, use such as would entitle the owner to a cause of action against the intruder." *Goodall v Whitefish Hunting Club*, 208 Mich App 642, 646; 528 NW2d 221 (1995) (citation omitted). Thus, the term "hostile" does not require or even imply ill will. *Id*. (citation omitted). A plaintiff seeking a prescriptive easement "bears the burden to demonstrate entitlement to a prescriptive easement by

clear and cogent evidence." *Matthews v Dep't of Natural Resources*, 288 Mich App 23, 37; 792 NW2d 40 (2010).

First, to the extent that plaintiff attempts to argue that a prescriptive easement was established by an "intended but imperfectly created servitude," such argument is without merit. While a prescriptive easement may arise when people try but fail to create a servitude because of some technicality,[1] that did not occur in this case. In other words, for example, the facts in this case are distinguishable from those of *Mulcahy v Verhines*, 276 Mich App 693; 742 NW2d 393 (2007), where this Court held that a prescriptive easement was established by an intended but imperfectly created servitude. In that case, the previous property owner sought to divide up his property and the city's approval of the site plan was conditioned on the existence of an easement agreement. *Id*. at 695-696. The property owner agreed to the city's terms, had the easement agreement drafted, but then failed to sign and record the easement agreement. *Id*. at 696. When a subsequent dispute arose over whether an easement existed, *id*. at 697, this Court ruled in favor of an easement holding that, in light of the evidence, it was clear that the property owner "intended to create an easement but inadvertently failed to sign and record the easement agreement." *Id*. at 701. And because the use was under an intended but imperfect express easement, i.e., the use was by a claim of right when no right existed, it was sufficiently adverse to establish a prescriptive easement. *Id*. at 702.

In this case, unlike in *Mulcahy*, there was no intention to create an easement agreement which, but for an inadvertent mistake, would have resulted in an express easement. In fact, defendant specifically refused to enter into any such easement agreement. Therefore, plaintiff's argument that a prescriptive easement was established by an intended but imperfectly created servitude is without merit.

Second, plaintiff argues that the use of defendant's property was sufficiently adverse to establish the element of hostile or adverse use for a prescriptive easement. Again, we disagree. Plaintiff conceded in its complaint that its use of defendant's property was with permission given by defendant's predecessor and defendant. The element of adverse or hostile use cannot be met when permission has been given. *Plymouth Canton*, 242 Mich App at 679. Further, plaintiff did not use defendant's property under a claim of right when no right existed, i.e., under an intended but imperfectly created servitude. See *Mulcahy*, 276 Mich App at 702. Therefore, plaintiff's claim that the trial court erred in concluding that the adverse or hostile use element was not met fails as a matter of law because no factual development could possibly lead to a different conclusion.

---

[1] See, e.g., 1 Restatement Property, 3d, Servitudes, § 2.16, comment *a*, p 222.

Accordingly, the trial court properly granted defendant's motion for summary disposition and dismissed the entirety of plaintiff's complaint.

Affirmed. Defendant is entitled to costs as the prevailing party. MCR 7.219(A).


/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola