*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RONALD J. SCHEIDING, Trustee of the RONALD
J. SCHEIDING TRUST, and ROBERT J.
WETTSTONE, Trustee of the ROBERT
WETTSTONE FAMILY IRREVOCABLE TRUST,

        Plaintiffs/Counterdefendants-
        Appellees,

v

JONATHAN PICKART,

        Defendant/Counterplaintiff-Appellant.

UNPUBLISHED
July 22, 2025
10:06 AM

No. 371163
Iron Circuit Court
LC No. 2023-006547-CH

Before: FEENEY, P.J., and BORRELLO and LETICA, JJ.

PER CURIAM.

In this prescriptive-easement action, defendant/counterplaintiff-appellant, Jonathan Pickart, appeals as of right the circuit court order finding a prescriptive easement for ingress and egress in favor of plaintiffs/counterdefendants-appellees, Ronald J. Scheiding, trustee of the Ronald J. Scheiding Trust, and Robert J. Wettstone, trustee of the Wettstone Family Irrevocable Trust. We affirm.

## I. FACTS

This case arises out of plaintiffs' use of a road that flows directly through defendant's property, which is adjacent to plaintiffs' properties. The federal government owned defendant's parcel prior to 1992. Thereafter, the parcel was owned by several timber companies. The land was enrolled in the Michigan Commercial Forest Act (CFA), MCL 324.51101 *et seq*.,[1] in 1995, and it remained enrolled in the program, despite the changes in its ownership, until September

---

[1] Formerly known as MCL 320.301 *et seq*. See 1994 PA 451, § 90104; 1995 PA 57, § 1. Notably, the CFA forbids owners of CFA land from denying the general public the privilege of hunting or fishing on the land. See MCL 324.51113(1).

2021, when defendant withdrew its enrollment. Importantly, the parties stipulated, *inter alia*, to the following facts:

- That plaintiffs had used the road crossing defendant's parcel for access to their own parcels "in a continuous, open, notorious, and peaceable manner [since 1961 and 1992], without permission sought nor permission provided of the true owner."

- That the road was open for public use at all times before defendant's ownership.

- That defendant had not blocked access or use to plaintiffs.

- That plaintiffs "potentially [had] alternative road access to their parcels . . . but it is longer and a lesser quality road."

In May 2023, plaintiffs filed a complaint, requesting that the circuit court grant a prescriptive easement in their favor. Defendant argued that there was no adverse use before defendant's recent ownership of the land because the land was protected under the CFR and open to the public. Conversely, plaintiffs argued that a prescriptive easement had vested because plaintiffs' use of the road went well beyond the CFA-protected activities of fishing and hunting. The circuit court agreed with plaintiffs, reasoning that plaintiffs had used the road for ingress and egress to their properties, and their use "was not limited to use during the hunting season or to access a stream or river for fishing." Defendant now appeals.

## II. PRESCRIPTIVE EASEMENT

On appeal, defendant argues that the circuit court erred by awarding a prescriptive easement across land that was protected under the CFA. We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

Because this issue was raised, addressed, and decided by the trial court, it is preserved for appellate review. See *George v Allstate Ins Co*, 329 Mich App 448, 453; 942 NW2d 628 (2019). "An action for a prescriptive easement is equitable in nature. This Court reviews de novo the trial court's holdings in equitable actions. In addition, this Court reviews the trial court's findings of fact for clear error." *Mulcahy v Verhines*, 276 Mich App 693, 698; 742 NW2d 393 (2007) (citations omitted).

## B. ANALYSIS

"An easement by prescription results from use of another's property that is open, notorious, adverse, and continuous for a period of fifteen years." *Id.* at 699 (quotation marks and citation omitted). "Adverse or hostile use is use inconsistent with the right of the owner, without permission asked or given, use such as would entitle the owner to a cause of action against the intruder." *Goodall v Whitefish Hunting Club*, 208 Mich App 642, 646; 528 NW2d 221 (1995) (quotation marks and citation omitted). Therefore, "a prescriptive easement is no more than an unopposed, continuous trespass [on another's property] for 15 years." *Astemborski v Manetta*, 341 Mich App 190, 198; 988 NW2d 857 (2022) (quotation marks and citation omitted, alteration in original).

In this case, the parties stipulated to the fact that plaintiffs had used the road crossing defendant's parcel for access to their own parcels "in a continuous, open, notorious, and peaceable manner [since 1961 and 1992], without permission sought nor permission provided of the true owner." Therefore, the parties stipulated to the requisite elements of a prescriptive easement in this case. See *Mulcahy*, 276 Mich App at 699; *Goodall*, 208 Mich App at 646. Accordingly, the crux of this issue hinged solely on whether a prescriptive easement could be awarded to land that was CFA-protected for a portion of the required years of use.

The issue of whether CFA registration precludes prescriptive easements has already been addressed by this Court in *Goodall*.

In *Goodall*, 298 Mich App at 643-644 (citations omitted), the plaintiffs claimed that they acquired a prescriptive easement over trails and roads crossing the defendants' property, which plaintiffs used openly, continuously, notoriously, hostilely, and adversely "to drive to various hunting sites located on federal forest land and privately owned lands that were registered under the CFA." This Court reasoned that the CFA was "designed to encourage the landowner to allow open access to his property for purposes of hunting and fishing." *Id*. at 646-647. Therefore, "[p]ermitting prescriptive easements to be created if motor vehicles are used to gain access to such lands would conflict with the spirit and purpose of the act." *Id*. at 647. This Court acknowledged that the CFA allowed landowners to ban motor vehicles from their property as long as the public was "allowed access to the land for hunting and fishing purposes." *Id*. at 646. Nevertheless, this Court concluded "that *with respect to activities directly related to hunting and fishing*, prescriptive easements may not arise with respect to lands registered under the CFA." *Id*. at 647 (emphasis added). Accordingly, this Court affirmed the circuit court's dismissal of the plaintiffs' claim for prescriptive easement because the "plaintiffs' use of defendants' roads was related directly to the CFA's protected activity of hunting and fishing." *Id*. at 646-647.

In this case, it is clear that plaintiffs' use of the road was *not* related to CFA-protected activities—the parties stipulated to the fact that plaintiffs used the road for access to their own parcels, not for access to hunting and fishing locations. Therefore, this case is different from that presented in *Goodall*. Because plaintiffs' use went beyond the CFA-protected activities of hunting and fishing, CFA registration did not preclude a prescriptive easement over this road. See *id*. at 647. Accordingly, the circuit court did not err by finding that plaintiffs established the elements of a prescriptive easement in this case, despite the fact that defendant's land was protected by the CFA for a portion of the required years of use. See *id*.

Affirmed. Plaintiffs, being the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ Kathleen A. Feeney
/s/ Stephen L. Borrello
/s/ Anica Letica

-3-