LIRONES v. ANDREWS.

1. APPEAL AND ERROR—BRIEFS—COMPLIANCE WITH COURT RULES.
   Appellant's brief which does not contain a statement of questions involved as required by Court Rule No. 67, § 1 (1945), is stricken from the files.

2. SAME—INJUNCTION—DE NOVO REVIEW.
   Suit to enjoin interference with plaintiffs' use of an alley being a chancery case is reviewed by the Supreme Court *de novo*.

3. RECORDS—PLAT—DEDICATION OF ALLEY.
   Recorded plat of land in which defendants purchased a part of two lots adjacent to alley was notice to them of the dedication of the alley.

4. BOUNDARIES—CONVEYANCES—FEE PASSES TO CENTER OF ALLEY.
   Conveyances of land bounded on a side by an alley carry the fee to the center line of the alley subject to the right of use in common by adjoining property owners and the public.

5. HIGHWAYS AND STREETS—ALLEYS—RECORDED PLAT—CONVEYANCES —NOTICE.
   Where alley was dedicated to public use in a recorded plat and defendants purchased adjoining property by conveyance re-

ferring to such alley and plat, they purchased with knowledge of the existence of the alley and subject to the rights of parties on the other side thereof. ·

6. SAME—RECORDED   PLAT—ABANDONMENT—ENCROACHMENT—CLOSING OF USED PORTION.

Where alley dedicated by recorded plat had never been vacated by legal proceedings and although north portion beyond properties of parties to instant suit had apparently been abandoned but open portion between their properties had not been abandoned by nonuser, the fact that plaintiffs had encroached on their west half did not give defendants the right to close the east half which had remained open and was used in common.

7. SAME—PERMISSIVE USE—VACATION OF ALLEY—ABANDONMENT.

The question of the permissive use of an alley located between the premises of the respective parties cannot arise where the alley has not been vacated nor abandoned.

8. INJUNCTION—DAMAGES—EVIDENCE—INTERFERENCE WITH COMMON USE OF ALLEY.

In suit by owners of property on one side of alley to enjoin interference with the use of the opposite side of the alley by the owners thereof, testimony *held*, to establish plaintiffs' right to damages and to plaintiffs' right to use of portion on opposite side in common with defendants and public.

Appeal from Isabella; Hart (Ray), J. Submitted June 6, 1945. (Docket No. 14, Calendar No. 42,955.) Decided October 8, 1945. Rehearing denied December 3, 1945.

Bill by Samuel Lirones and wife against Noah F. Andrews and wife to restrain obstruction to alley and for damages. Decree for plaintiffs. Defendants appeal. Affirmed.

*Russell D. Otterbine,* for plaintiffs.

*T. R. McNamara,* for defendants.

STARR, C. J. Defendants appeal from a decree enjoining them from obstructing a portion of an alley between the properties of plaintiffs and de-

fendants in the city of Mt. Pleasant, and awarding damages for its obstruction. As defendants' brief does not contain a statement of questions involved, as required by Court Rule No. 67, §1 (1945), it will be stricken from the files. *Klanowsky* v. *Colton,* 274 Mich. 114.

The original plat of the village (now city) of Mt. Pleasant, recorded in 1864, dedicated an alley 20 feet in width running north and south between Broadway and Chippewa streets. Lots 17 and 18 of said plat are located on the west side and lots 1 and 2 are located directly opposite, on the east side of the alley, lots 1 and 18 being adjacent to Broadway. In January, 1939, plaintiffs acquired title to the east ½ of lots 17 and 18, and in November, 1941, defendants acquired title to the west ½ of lots 1 and 2.

The record indicates that more than 50 years ago a house was constructed on the property now owned by plaintiffs, which extended and encroached four or five feet on the alley, and that this house was on the property at the time plaintiffs purchased. Thereafter they constructed another building and a sidewalk, which together extended and encroached approximately 9.4 feet on the alley, leaving only the east 10.6 feet available for travel and use. Plaintiff's buildings were used for residence and business purposes. Subsequent to defendants' purchase of the property on the east side of the alley, the residence and garages thereon were removed. Trouble arose between the parties over their rights in the east 10.6 feet of the alley which remained open. Claiming that it had been abandoned and that, as owners of the adjoining property, they had the right to close it, defendants blockaded and shut off the alley.

Plaintiffs then began the present suit, alleging that the alley had been used by adjoining property owners and the public for over 50 years and that it

had never been abandoned or vacated. They asked that defendants be enjoined from interfering with their use of the alley and for damages resulting from its obstruction. The trial court entered decree requiring defendants to remove all obstructions placed in the alley, permanently enjoining them from interfering with plaintiffs' use thereof, and granting plaintiffs damages in the amount of $500. Defendants appeal, and, this being a chancery case, we review *de novo*.

As above mentioned, plaintiffs' building and sidewalk encroached approximately 9.4 feet on the west side of the alley, leaving only the east 10.6 feet open and available for use. However, questions relative to plaintiffs' rights in said 9.4 feet or their liability for encroachment on the alley are not before us in the present case and are not determined. The only question is whether or not defendants have the right to close the east half of the alley and prevent its use by plaintiffs and the public.

From the record it appears that that part of the dedicated alley north of the properties of plaintiffs and defendants has never been used to any extent and has apparently been abandoned by nonuser. However, the record indicates that the parties and their predecessors in title kept the open portion of the alley between their properties in usable condition by placing gravel and cinders thereon and that they used it for ingress and egress. There was also evidence that garbage haulers, the city, and others had used this open portion of the alley. None of the land in the dedicated alley had been assessed for taxation.

The recorded plat was notice to defendants of the dedication of the alley, and the deed by which they obtained title to the west half of lots 1 and 2 expressly provided: "together with all the first par-

ties' right, title and interest in the alley along the
west boundary of said lots as shown on the recorded
plat thereof.'' The respective conveyances to plain-
tiffs and defendants of lands on opposite sides of
the alley carried the fee to the center line of the
alley, subject, however, to the right of use in com-
mon by adjoining property owners and the public.
*Loud* v. *Brooks,* 241 Mich. 452. Defendants pur-
chased their property with knowledge of the exist-
ence of the alley and subject to the rights of plain-
tiffs therein. *Murphy Chair Co.* v. *American
Radiator Co.,* 172 Mich. 14.

The alley had never been vacated by legal proceed-
ings, and from the facts shown we are convinced
that the open portion thereof between the properties
of plaintiffs and defendants had not been abandoned
by nonuser. The fact that plaintiffs and their pred-
ecessors in title had encroached upon the west half
of the alley did not give defendants the right to
close the east half, which had remained open and
was used in common. In other words, defendants
cannot set up plaintiffs' encroachment on the west
half in defense of their wrongful blockading of the
east half. The discontinuance or abandonment of
the north part of the alley would not affect the por-
tion kept in use. *Gregory* v. *Knight,* 50 Mich. 61.
See, also, *Wayne County Savings Bank* v. *Stockwell,*
84 Mich. 586 (22 Am. St. Rep. 708).

Defendants claim that the alley had been aban-
doned, that plaintiffs and their predecessors in title
were permissive users, and that their permissive
use had been revoked. However, the record es-
tablishes that plaintiffs' use of the alley was not
permissive but was by virtue of the recorded and
dedicated plat and the long and continued use in
common by the predecessors in title of both parties.
*Wesson* v. *Tolsma,* 117 Mich. 384. In any event, the

question of permissive use could not arise, as the alley had not been vacated by legal proceedings or abandonment.

We conclude that plaintiffs are entitled to use the east 10.6 feet of the alley in common with defendants and the public. The testimony reasonably establishes plaintiffs' right to the damages awarded them. In view of our conclusions, other questions presented do not require determination. The decree is affirmed, with costs of both courts to plaintiffs.

NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. The late Justice WIEST took no part in the decision of this case.