LEE v. FIDELITY LIFE & INCOME MUTUAL
INSURANCE COMPANY.

1. JUDGMENT—SUMMARY JUDGMENT—EASEMENTS—PARKING.
    Defendant's motion for summary judgment was properly denied, where plaintiff's complaint stated a cause of action by alleging that her easement of passage over 50' x 75' strip of land had been converted into a parking lot for parking cars of defendant's employees (GCR 1963, 117).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  41 Am Jur, Pleading § 340 et seq.
    17A Am Jur, Easements § 124.
[3]  17A Am Jur, Easements § 121 et seq.
[4]  17A Am Jur, Easements § 112 et seq.
[5]  17A Am Jur, Easements § 113.
[6]  20 Am Jur 2d, Costs § 14 et seq.

2. SAME—SUMMARY JUDGMENT—EASEMENTS.

Order granting owner of dominant tenement's motion for summary judgment in her action against fee owner of 50' x 75' strip of land in which plaintiff had an easement of passage *held*, error, where in effect the court ruled defendant could use the disputed piece of land only for the purposes of ingress and egress (GCR 1963, 117).

3. EASEMENTS—FEE OWNER'S RIGHTS.

Fee owner of 50' x 75' strip of land retains full dominion over his land subject merely to the right-of-way conveyed by deed granting perpetual easement of right to cross, and may make any use of his land which does not interfere with a reasonable use of the way.

4. SAME—DOMINANT OWNER'S RIGHTS.

The rights of the owner of an easement of passage are paramount to the extent of the grant.

5. SAME—USER—QUESTION OF FACT—SUMMARY JUDGMENT.

What may be a reasonable and proper use of a fee and what may be necessary to the beneficial use and enjoyment of the easement of passage over a 50' x 75' strip of land by the owner of the easement are questions of fact to be determined upon a trial, hence, it was error to grant plaintiff's motion for summary judgment (GCR 1963, 117).

6. COSTS—NEITHER PARTY PREVAILING IN FULL.

No costs are allowed on appeal where order denying defendant's motion for summary judgment is affirmed and order granting plaintiff's motion for summary judgment is reversed, since neither party has prevailed in full (GCR 1963, 117).

Appeal from Berrien; Hadsell (Philip A.), J. Submitted Division 3 November 2, 1965, at Grand Rapids. (Docket No. 133.) Decided December 20, 1965.

Complaint by Maryella Lee against Fidelity Life & Income Mutual Insurance Company, a Michigan corporation, to enjoin interference with her easement right. Summary judgment for plaintiff. Defendant appeals. Reversed and remanded for further proceedings.

*Ryan, McQuillan & Vander Ploeg (John T. Ryan,* of counsel), for plaintiff.

*Small & Shaffer (Robert P. Small,* of counsel), for defendant.

J. H. GILLIS, J. Plaintiff-appellee Maryella Lee is the owner of lots 24 and 25 of Assessors Plat #31, city of Benton Harbor, Michigan. Defendant-appellant Fidelity Life & Income Mutual Insurance Company is the owner of lot 23 in the same plat. A map is attached to this opinion from which the size and shape of these lots, and their relationship to each other can be discerned.

Plaintiff in her deed was granted an easement over that part of defendant's lot 23 which lies between lots 24 and 25. This easement is in the following language:

"Grant to second parties the right to use said strip of land 50 feet in width between said two parcels (lots 24 and 25) for roadway purposes, and the right to cross the same as a means of ingress and egress to and from the parcel of land last above described (lot 24), and said rights and easements are perpetual and shall run with both of said parcels of land."

Plaintiff in her complaint alleged defendant had converted the strip between lots 24 and 25 into a parking lot for daily and continuous parking of automobiles. Defendant answered stating that its lot had been improved by construction of an office building on a portion thereof; that as a part of the improvement the strip between lots 24 and 25 had been blacktopped; and that a small portion of this strip is used for parking employees' cars. Defend-

ant further contended that the parking of these automobiles did not impair, obstruct, and interfere with the reasonable exercise of plaintiff's easement.

At a pretrial conference plaintiff's position was stated as follows:

"Plaintiff claims that the defendant's use of the right-of-way for any other purpose than ingress or egress to defendant's property is illegal and should be restrained."

The pretrial statement further noted that:

"Plaintiff will file a motion for summary judgment to raise the legal issue of whether defendant can make any use of the strip other than for ingress and egress."

Following the pretrial conference both parties filed motions for summary judgment.[1] Defendant's motion was properly denied.[2]

We are of the opinion that the learned trial court erred in granting the plaintiff's motion for summary judgment. In effect he ruled that the defendant could use the disputed piece of land only for the purposes of ingress and egress. As appellant's counsel, in speaking of appellee's theory of the case, so aptly put it:

"[Appellee's claim that appellant can use the property only for ingress and egress] makes Mrs. Lee the owner with the insurance company holding the easement for ingress and egress. Counsel has his parties mixed. It is appellant which is the owner and it is appellee who has the easement for ingress and egress."

The owner of the fee retains full dominion over his land subject merely to the right-of-way. He may

---

[1] See GCR 1963, 117.—REPORTER.

[2] Plaintiff's complaint clearly states a cause of action. Its claimed failure to do so was the only basis of the defendant's motion for summary judgment.

make any use of his land which does not interfere
with a reasonable use of the way. 2 Thompson Real
Property (1961 Rev), Easements, § 431, p 719.
*Kirby* v. *Meyering Land Co.* (1932), 260 Mich 156.
The rights of the owner of the easement are para-
mount to the extent of the grant, *Harvey* v. *Crane*
(1891), 85 Mich 316 (12 LRA 601), but what may
be a reasonable and proper use of the fee and what
may be necessary to the beneficial use and enjoyment
of the easement by its owner are questions of fact
to be determined upon a trial. *Hasselbring* v.
*Koepke* (1933), 263 Mich 466 (93 ALR 1170); *Harvey*
v. *Crane, supra.*

It may be that upon a trial of this cause the plain-
tiff could establish that it was the contemplation
of the parties at the time the easement was created
that a reasonable use of the easement required free
and unobstructed passage over the entire 50′ by 75′
strip of land. It may be that plaintiff can establish
that the defendant has allowed cars to be parked
on the strip in such a manner as to unreasonably
interfere with the plaintiff's beneficial use of the
easement, but these are all questions of fact which
should be developed only after a full trial on the
merits.

The order denying appellant's motion for sum-
mary judgment is affirmed. The order granting
appellee's motion for summary judgment is reversed,
and the cause is remanded for further proceedings.
No costs, neither party having fully prevailed.

HOLBROOK, P. J., and BURNS, J., concurred.