# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN L. SMELTZER and DEBRA A.
SMELTZER,

        Plaintiffs-Appellees,

v

FERNE ROOT DAIGLE also known as FERNE
ROOT,

        Defendant-Appellant

and

ARTHUR H. DAIGLE,

        Defendant.

UNPUBLISHED
November 22, 2016

No.   328355
Genesee Circuit Court
LC No.   10-094020-CZ

Before:  BECKERING, P.J., and HOEKSTRA and OWENS, JJ.

PER CURIAM.

In this property dispute, plaintiffs John and Debra Smeltzer filed suit against defendant Ferne Root[1] to enforce a prescriptive easement that allows plaintiffs to place and use a seasonal dock at the shoreline of a strip of land that runs adjacent to defendant's lakefront lot in Shoreacres Homesites, located on Lake Fenton.  Defendant challenges on appeal the trial court's orders denying her motion for summary disposition, denying her motion to compel plaintiffs to join all interested parties, and awarding plaintiffs damages and attorney fees.  For the reasons stated below, we affirm the court's orders denying her motion for summary disposition and

---

[1] In their pleadings, defendants spelled co-defendant Arthur Daigle's name as "D'Aigle." However, in order to remain consistent with the spelling on the register of actions and the order appealed from, we will retain the spelling, "Daigle."  Daigle is not a party to the instant appeal, having died in June of 2013, while this case was still in the trial court.  Because he was a participant in the facts underlying the law suit, and did participate in proceedings in the trial court, references to "defendants," plural, include Daigle, while references to "defendant," singular, signify only Root.

-1-

joinder, and affirm in part and reverse in part the court's order awarding plaintiffs damages and attorney fees.

## I. FACTS AND PROCEEDINGS

The 1924 plat map for Shoreacres Homesites dedicates the subdivision's "drives, parks and walks . . . to the use of all present or future owners of land in this plat . . . ." Defendant owns lakefront lot 52 of the plat, to the south of which, between lots 52 and 51, runs a wedge-shaped "park" that ends at the lakeshore. It is undisputed that plaintiffs, who own a backlot across the street from this park, have the right to use the park to access the lake in accordance with the plat's dedication. Plaintiffs are the successors in interest to plaintiff John Smeltzer's mother, who acquired the property in 1971 and, while she owned the property, seasonally placed a dock and moored a pontoon boat at the shoreline of the park. Plaintiffs continued this practice when they acquired the property in 1990.

Michael and Marie Thomas purchased lot 51 in 2003. In 2005, they filed suit seeking to enjoin the Smeltzers from placing and using their seasonal dock and pontoon boat. See *Thomas v Smeltzer*, unpublished opinion per curiam of the Court of Appeals, issued August 23, 2007 (Docket No. 268364), p 1. Following a bench trial, the circuit court granted the Thomases' motion to amend their pleadings to add a request for declaratory relief, and the Smeltzers's motion to amend their pleadings to add as an affirmative defense a claim of prescriptive easement. *Id*. at 2. Ultimately, the circuit court ruled that the unambiguous language of the plat dedication permitted the Smeltzer's access to the water, but did not give them the right to erect permanent objects in the water or along the water's edge. *Id*. The court rejected the Smeltzer's affirmative defense, reasoning that seasonal usage did not satisfy the element of continuous and uninterrupted usage necessary to establish a claim of prescriptive easement. *Id*. Accordingly, the trial court permanently enjoined the Smeltzers from "placing docks or boats in the lake fronting the park between lots 51 and 52." *Id*.

On appeal, however, a panel of this Court found that the trial court had improperly analyzed the Smeltzers' prescriptive easement claim, reversed the circuit court's decision, and remanded the matter for entry of a judgment for prescriptive easement in the Smeltzers' favor. *Id*. at 3. Finding that a prescriptive easement can be acquired based on seasonal usage, the Court held as follows:

> We conclude that the trial court clearly erred by holding that seasonal usage cannot satisfy the continuity element of a prescriptive easement. *Dyer v Thurston*, 32 Mich App 341, 344; 188 NW2d 633 (1971) (observing that seasonal use of a pathway to a summer cottage is considered continuous use, given that it is "in keeping with the nature and character of the right claimed"). Clearly, the nature of the use here, a dock, is seasonal, and in such a case prescriptive rights can arise from seasonal use alone, provided it is continuous and uninterrupted.

> Further, defendants clearly established the requisite continued and uninterrupted adverse use of the dock. Smeltzer and Bacon's testimony established that, while defendants Smeltzer bought the property in 1990, just short of the requisite 15 years, John Smeltzer acquired the property from his mother,

who owned the property from around 1971 and who also maintained a dock at that location. Thus, defendants established use for the requisite fifteen-year period.[2] We therefore reverse the trial court's dismissal of defendants' claim of prescriptive easement. [*Id*].

---

[2] In addition to asserting that defendants did not establish continuity of use and that the trial court so properly concluded, plaintiffs also argue that defendants did not establish that their use and enjoyment was adverse or hostile to the dedication, as they had used the property at issue without incident. We disagree. To show that use of the property claimed as an easement was hostile "does not require the claimant to prove that actual hostility or ill will existed between the claimant and the owner of the property. . . . Rather, to prove that a use was hostile, it is sufficient for the claimant to show that the use was made under a claim of right." *Causes of Action to Establish Private Easement by Prescription,* 13 Causes of Action 277, § 5 Hostile use, cumulative supplement (2006), see also *Plymouth Canton [Community Crier, Inc, v Prose, 242 Mich App, 676,* 680-681; 619 NW2d 725 (2000)].

On remand, the circuit court entered an order stating in relevant part:

> IT IS HEREBY ORDERED that, pursuant to the Michigan Court of Appeals' "Opinion" of August 23, 2007, a Final Judgment is hereby entered in favor of John L. Smeltzer and Debra A. Smeltzer (the "Smeltzers") on their Affirmative Defense of Prescriptive Easement . . . granting the Smeltzers a prescriptive easement as to the Park located between Lots 51 and 52 (the "Park") of the Shoreacres Homesites Subdivision.

> IT IS FURTHER ORDERED that, as a result of the "Opinion" of August 23, 2007 referenced in the preceding ordering paragraph, the Smeltzers have the right to install and use a dock at the water's edge of the Park commencing approximately at the end of May of each year and the same right to leave the dock in place until late October of each year.

In 2010, plaintiffs filed the complaint underlying this appeal, alleging that defendants had consistently interfered with the exercise of the prescriptive easement rights awarded them by this Court and the circuit court's 2007 judgment. Relative to the issues at hand, plaintiffs asked the trial court to enjoin defendants from further interference and requested damages arising from loss of their use and enjoyment of their rights and for harassment, threats, and other verbal abuse, and for actual attorney's fees and costs for having to bring this suit to obtain their easement rights.

Defendants denied having interfered with plaintiffs' easement, denied that plaintiffs had such an easement, and asserted that they were not bound by the circuit court's judgment granting plaintiffs a prescriptive easement because they were neither parties nor privies to the parties in the prior action. Shortly after filing this answer to plaintiffs' complaint, defendants filed an unsuccessful motion asking the trial court to compel plaintiffs to add as defendants everyone

who owned a lot in the Shoreacres Homesites plat. Following the trial court's grant of plaintiffs' motion for a temporary injunction, enjoining defendants and "those in active concert with them . . . from interfering with plaintiffs' exercise of the rights granted to them by the Michigan Court of Appeals[,]" defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(10). Plaintiffs answered with a request for summary disposition under MCR 2.116(I)(2) (there is no genuine issue of material fact and pleadings and proof show that nonmoving party is entitled to summary disposition). Following a hearing on defendants' motion, the trial court issued an opinion and order granting summary disposition to defendants on the issue of damages, but granting summary disposition to plaintiffs on the prescriptive easement issue.

Plaintiffs moved successfully for reconsideration of the damages issue. The trial court held a bench trial, subsequent to which it issued a written opinion and order. The court found that "there was intentional interference with the rights granted to plaintiffs in 2007 by the Michigan Court of Appeals[,]" and ordered defendants to reposition their dock in front of their house. The court noted that plaintiffs had been denied use of their easement "for the better part of 5 years[,]" and that their use in 2013 was "subject to the verbal harassment and the positioning of Daigle's boat and dock." Taking these things into consideration, as well as the seasonal nature of the dock's use and plaintiffs' opportunity to mitigate their loss of use and enjoyment by launching their boat from elsewhere on the lake's shoreline, the trial court awarded plaintiffs' $10,000 in damages. The trial court also awarded plaintiffs costs, including attorney fees.[2] The trial court denied defendant's motion for reconsideration, and defendant filed the instant appeal.

II. ANALYSIS

A. SUMMARY DISPOSITION

Defendant first contends that the trial court erred in denying her motion for summary disposition. We review a trial court's decision on a motion for summary disposition de novo. *Auto Club Group Ins Co v. Burchell,* 249 Mich App 468, 479; 642 NW2d 406 (2002). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Smith v Globe Life Ins Co*, 460 Mich 446, 454; 597 NW2d 28 (1999). "In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a trial court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). If the documentary evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, the trial court may grant the motion. *Id*. MCR 2.116(C)(10), (G)(4).

---

[2] Whether the amount plaintiffs requested was reasonable is not before the Court, as defendant filed this appeal before the trial court ruled on plaintiffs' motion to approve attorney fees and costs.

Relying on MCR 3.411(H), defendant first argues that, because she was not party to the *Thomas* litigation, the resulting prescriptive easement judgment in plaintiffs' favor does not bind her. We disagree.

MCR 3.411(H) provides:

Except for title acquired by adverse possession, the judgment determining a claim to title, equitable title, right to possession, or other interests in lands under this rule, determines only the rights and interests of the known and unknown persons who are parties to the action, and of persons who are parties to the action by title accruing after the commencement of the action.

The ultimate issue in *Thomas* was whether plaintiffs had satisfied the requirements necessary to establish title to an easement allowing them to place a dock and moor a pontoon boat at the shoreline of the park. Title to property rights obtained adversely is effective against the entire world, not just against those individuals who were parties to the litigation. See *Gorte v Dep't of Transportation,* 202 Mich App 161, 168; 507 NW2d 797 (1993) (e.g., "upon the expiration of the period of limitation, the party claiming adverse possession is vested with title to the land, and this title is good against the former owner and against third parties") (citation omitted). As described above, this Court previously held that plaintiffs' open, notorious, adverse, and continuous use of the shoreline for the requisite period of 15 years entitled them to the prescriptive easement at issue, and the circuit court entered a corresponding judgment. This judgment is valid against third parties without the need to repeatedly relitigate the elements. See *id*.

Further, defendant bases her assertion that the prescriptive easement judgment does not bind her on the erroneous assumption that the judgment affected her easement rights in the park. It did not. As defendant correctly asserts, the plat's dedication gave her an irrevocable right to use the park and to access the lake from the park. See *Little v Hirschman*, 469 Mich 553, 561-562; 677 NW2d 319 (2004) (agreeing that "a dedication of land for private use in a recorded plat gave owners of the lots an irrevocable right to use such privately dedicated land). Holders of competing easements typically must exercise their rights harmoniously. See *Murphy Chair Co v American Radiator Co*, 172 Mich 14, 28; 137 NW 791 (1912) (noting that where there are two easements over the same property, the easement established first generally has priority if the use of the second would in any way impair the first). In short, the lot owners had the same easement rights and ability to exercise those rights after *Thomas* as they did before *Thomas*.

Nevertheless, defendant contends that plaintiffs' prescriptive easement interferes with the subdivision property owners' exercise of their easement rights because plaintiffs' dock occupies all but a few inches of the shoreline, thus making it practically impossible for anyone else to access the water from the park. We first note that defendant does not assert that plaintiffs' use of their prescriptive easement rights interfere with the exercise of her riparian rights. Instead, she hypothesizes that plaintiffs' exercise of their rights interferes with other lot owners' exercise of their right to use the park to access Lake Fenton. Defendant's argument assumes that plaintiffs' prescriptive easement is exclusive, i.e., that other subdivision property owners are prohibited from using the dock for swimming, fishing, or sunbathing, in accordance with their right to access the lake from the park. However, unless a grant states otherwise, Michigan law presumes that easements are non-exclusive. See *Lee v Fidelity Life & Income Mut Ins Co*, 2 Mich App 82,

86-87; 138 NW2d 545 (1965). Nothing in this Court's instructions on remand or in the trial court's prescriptive easement judgment in the earlier litigation indicates that plaintiffs' seasonal dock is for plaintiffs' exclusive use. See also *Murphy Chair Co*, 172 Mich at 27.

Defendant also contends that the prescriptive easement judgment is not enforceable against her because the judgment essentially revises the plat map, and plaintiffs failed to comply with those provisions of the Land Division Act (LDA), MCL 560.101 *et* seq., that set forth the procedures necessary to "vacate, correct, or revise a recorded plat or any part of a recorded plat." MCL 560.221 through MCL 560.229. Defendant's argument is without merit because the prescriptive easement judgment did not change the plat.

"A 'plat' is a map or chart of a subdivision of land." MCL 560.102(a). Our Supreme Court has described plats as "a description of the physical property interests on a particular area of land." *Beach v Lima Twp*, 489 Mich 99, 110;802 NW2d 1 (2011) (quotation marks, citation, and emphasis omitted). " 'Land' means all land areas occupied by real property." MCL 560.102(b). As described above, the prescriptive easement judgment affirmed plaintiffs' right to maintain a dock and moor a boat in the water at the shoreline of the park at issue, but did not affect the right of other subdivision owners to use the park as provided for in the plat's dedication. Therefore, there was no change in the property interests reflected by the plat, and defendant's assertion otherwise is unsupported by the record.

Defendant next contends that termination without notice or a hearing of her irrevocable right to use the park to access Lake Fenton constitutes a violation of her right to due process. Whether a party has been afforded due process of law is a question of law that this Court reviews de novo. *Reed v Reed*, 265 Mich App 131, 157; 693 NW2d 825 (2005). "The United States and Michigan Constitutions guarantee that no person may be deprived of life, liberty, or property without due process of law." *Souden v Souden*, 303 Mich App 406, 413; 844 NW2d 151 (2013), citing US. Const., Am V; US. Const., Am. XIV; Const. 1963, art. 1, § 17. "Generally, due process requires notice and some type of hearing before deprivation of a property interest." *Souden*, 303 Mich App at 413. In this case, defendant has suffered no deprivation of a property interest and thus no violation of her constitutional right to due process. *Id*.

In sum, defendant did not establish the existence of a genuine issue of material fact regarding plaintiffs' allegations of interference with their prescriptive easement, and plaintiffs were entitled to judgment as a matter of law. MCR 2.116(C)(10); *Quinto*, 451 Mich at 362. Consequently, the trial court did not err in denying defendant's motion for summary disposition under MCR 2.116(C)(10), and granting summary disposition to plaintiffs under MCR 2.116(I)(2).

## B. JOINDER

Defendant next argues that the trial court erred when it denied defendants' motion to compel plaintiffs to join all necessary parties in the instant case. We review a trial court's ruling on joinder for an abuse of discretion. *PT Today, Inc v Comm'r of Office of Fin and Ins Servs*, 270 Mich App 110, 135; 715 NW2d 398 (2006). The trial court does not abuse its discretion when it chooses an outcome within the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

Pursuant to MCR 2.205(A), "persons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief must be made parties and aligned as plaintiffs or defendants in accordance with their respective interests." Defendant bases her argument on the supposition that the 2007 prescriptive easement judgment infringed on her exercise of the easement rights granted her and other lot owners by the plat's dedication. However, as discussed above, the easement rights of current and future lot owners were not implicated in the *Thomas* litigation and were unaffected by the resulting prescriptive easement judgment. Further, with regard to the instant case, the issue in the trial court was whether defendant had interfered with plaintiffs' exercise of their prescriptive easement. The resolution of this dispute did not require the joinder of lot owners who were not interfering with plaintiffs' right to put in a dock and moor a boat. For these reasons, the trial court's ruling on defendants' joinder motion was not outside the range of principled outcomes, *Maldanodo*, 476 Mich at 388, and, therefore, the trial court did not abuse its discretion by denying defendants' motion, *PT Today, Inc*, 270 Mich App at 135.

Defendant further asserts that joinder was necessary to avoid multiple lawsuits, provide "clearer title," and "eliminate[] collusion." While these are valid reasons to pursue joinder, none of them applies in the instant case. Questions of title are not in play, defendant has not alleged collusion, and she bases her argument that joinder was necessary to avoid multiple lawsuits on the inaccurate presumption addressed above. In light of the foregoing, the trial court's denial of defendant's motion to compel joinder was not outside the range of reasonable and principled outcomes. *Maldonado*, 476 Mich at 388.

## C. DAMAGES AND ATTORNEY FEES

Defendant contends that the trial court erred in awarding plaintiffs damages where plaintiffs presented no credible evidence regarding damages at trial. Again, we disagree.

"This Court reviews the trial court's determination of damages following a bench trial for clear error." *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 513; 667 NW2d 379 (2003). "We will not set aside a nonjury award merely on the basis of a difference of opinion. Clear error exists where, after a review of the record, the reviewing court is left with a firm and definite conviction that a mistake has been made." *Marshall Lasser, PC v George*, 252 Mich App 104, 110; 651 NW2d 158 (2002) (quotation marks and citation omitted).

Defendant argues that courts may not award noneconomic damages for injury to property; however, this argument misses the point. Plaintiffs are not claiming noneconomic damages for injury to property, but for the loss of use and enjoyment of their prescriptive easement rights, and for the mental distress allegedly caused by defendant's intentional interference with their exercise of these rights. Defendant does not challenge the amount of damages awarded, just the fact that they were awarded. Thus, the relevant questions are whether the court can award damages, and whether the evidence supports such an award.

With regard to the first question, although the law is not well-established in this area, caselaw and other authority supports awarding noneconomic damages where a defendant has intentionally interfered with a plaintiff's easement. See *Lirones v Andrews*, 312 Mich 423; 20 NW2d 259 (1945) (affirming an award to plaintiffs of $500 for obstruction of alleyway

easement); *Tittiger v Johnson*, 103 Mich App 437; 303 NW2d 26 (1981) (affirming an award of $1,500, presumably for mental distress occasioned by interference with the plaintiffs' easement); *Warner v Scavo*, unpublished per curiam opinion of the Court of Appeals, issued June 10, 2008 (Docket No. 274266), p 6, quoting 25 MLP, Real Property, § 117 ("[P]laintiffs have standing to bring an action for the interference with their easement rights and may seek equitable relief or money damages. 'For interference with an easement, the owner of it may sue for damages, for an injunction, or both.' ").[3] See also 2 Restatement (3rd) Property, § 8.1, p 474 (a person who holds the benefit of a servitude has the legal right to enforce it) and § 8.3, p 492 (stating that a servitude may be enforced by any appropriate remedy or combination of remedies, including injunctions, compensatory damages, and nominal damages).

Regarding whether the record supports an award of damages, the trial court heard testimony describing how defendants moved their dock from in front of their house to the north edge of the park and moored their pontoon boat in front of plaintiffs' dock, angled their dock into the waters in front of the park, and, at different times, placed a rowboat, inflatable rafts and toys, and a Jet Ski in front of plaintiffs' dock. Plaintiff John Smeltzer testified that, over the years, plaintiffs would take their pontoon boat out four or five times a week during good weather to go swimming, watch the sunset, play games, eat lunch, or just sit on the water and relax. However, because of defendants' actions, plaintiffs had been unable to enjoy their boat fully since entry of the prescriptive easement judgment. Smeltzer testified that he spent $750 for repairs necessitated by the boat's lack of use, and surmised that he was entitled to $25,000 for each year that plaintiffs lost use of their dock and for the stress, hassle, and harassment to which plaintiffs were subjected. Smeltzer admitted that defendant Root was not confrontational and never raised her voice to him or threatened him, but described how she kept following him around and telling him that he was not supposed to have a dock at the park's shoreline, even when he insisted that the courts decided the issue. According to Smeltzer, Daigle would swear at plaintiffs, threaten them, and try to provoke a physical altercation, and made it clear that he was not going to follow the circuit court's ruling in the *Thomas* case. James Root, defendant's son, testified that it was Daigle, by then deceased, who primarily was responsible for interfering with plaintiffs' easement rights, and asserted that he never saw his mother encroach on the park or attempt to interfere with plaintiffs' prescriptive easement. The trial court found defendant to have been complicit in and supportive of Daigle's efforts to obstruct plaintiffs' use of the easement.

In light of the testimony presented to the trial court, and deferring to the court's superior position to determine witness credibility, *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 172; 848 NW2d 95 (2014), we cannot say that the trial court clearly erred in awarding damages to plaintiffs for the intentional interference of their easement rights, *Alan Custom Homes, Inc*, 256 Mich App at 513.

---

[3] Although this Court's unpublished opinions are not binding precedent in unrelated cases, MCR 7.215(C)(1), they may be considered instructive or persuasive. *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010). In the present circumstances, *Warner* provides instructive and persuasive value.

## D. ATTORNEY FEES

Defendant argues that the trial court erred by granting plaintiffs' request for attorney fees and costs where, as here, no statute, court rule, or contractual promise entitles them to such. We agree. We review a trial court's award of attorney fees for an abuse of discretion. *Kennedy v Robert Lee Auto Sales*, 313 Mich App 277, 283; 882 NW2d 563 (2015).

Michigan follows the "American rule" with respect to the payment of costs and attorney fees. *Haliw v Sterling Hts.*, 471 Mich 700, 706; 691 NW2d 753 (2005). "Under the American rule, attorney fees generally are not recoverable from the losing party as costs in the absence of an exception set forth in a statute or court rule expressly authorizing such an award." *Id.* at 707. This rule prevents trial courts from imposing economic sanctions upon litigants for exercising the constitutional right to trial, *McKelvie v Mt Clemens*, 193 Mich App 81, 84; 483 NW2d 442 (1992), and exceptions to the rule are to be narrowly construed, *Spectrum Health v Grahl*, 270 Mich App 248, 253; 715 NW2d 357 (2006).

The relevant order states that plaintiffs "may also tax costs, including a reasonable attorney fee." MCL 600.2405(6) permits courts to award as costs "[a]ny attorney fees authorized by statute or by court rule." However, no statute or court rule authorizes an award of attorney fees in cases such as this one, plaintiffs cite no authority in support of the trial court's award of attorney fees, nor have they alleged "unlawful conduct" of the type this Court has found to merit an award of attorney fees. See e.g., *Brooks v Rose*, 191 Mich App 565, 575; 478 NW2d 731 (1991) (e.g., fraud, malicious prosecution, and false imprisonment). In light of the foregoing, it appears that the trial court abused its discretion by awarding attorney fees to plaintiffs as a component of costs.

We conclude that the trial court did not err by granting summary disposition in favor of plaintiffs under MCR 2.116(I)(2), nor clearly err in awarding plaintiffs damages for defendant's interference with plaintiffs' exercise of their easement rights, but the court abused its discretion by awarding attorney fees to plaintiffs.

Affirmed in part and reversed in part. No party is entitled to costs on appeal, as neither party prevailed in full. MCR 7.219(A).

/s/ Jane M. Beckering
/s/ Joel P. Hoekstra
/s/ Donald S. Owens