# STATE OF MICHIGAN

# COURT OF APPEALS

MARILYN A. DZINGLE TRUST, by MARILYN A. DZINGLE, Trustee,

Plaintiff-Appellee,

v

JAMES EARL PLATT,

Defendant-Appellant.

UNPUBLISHED
February 14, 2017

No. 330614
Isabella Circuit Court
LC No. 2015-012098-CZ

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and METER, JJ.

PER CURIAM.

Defendant, James Earl Platt, appeals as of right the trial court's decision granting summary disposition under MCR 2.116(C)(10) to plaintiff, the Marilyn A. Dzingle Trust (Dzingle). The trial court ruled that Dzingle's ownership of an easement permitted Dzingle to clear vegetation from the easement and level it in order to move a modular home onto the dominant estate, and it ordered Platt to remove a dumpster from encroaching on the easement. We affirm.

## I. BACKGROUND

In 1986, Norman and Marilyn Dzingle purchased 59 acres of landlocked property and a 25-foot-wide easement for ingress and egress from Platt's predecessor. At that time, the easement included a dirt road that now travels across Platt's property. The deed granting the easement states that the easement is "an easement for ingress and egress over a parcel of land 25 feet wide . . ." and refers to an attached survey for the exact location of the easement. The survey clearly demarcates the location of the easement and indicates that the "EXISTING TRAIL LIES ENTIRELY WITHIN EASEMENT."

According to Norman Dzingle, he has placed gravel in the easement and cleared vegetation to use it for ingress and egress. He has also used the easement to improve the attached residential property through digging a water well and pond, which required large trucks to use the easement. The Dzingles now wish to place a modular home on the 59-acre property. The mobile home salespeople informed Norman that the truck for the modular home requires 22 feet of clearance.

-1-

In 1997, Platt purchased a 5.85 acre parcel that included the easement and trail. According to Platt, the trail curves within a 25-foot area and is bordered by growth, trees, dirt, rocks, and other natural land formations. Platt regularly uses the easement for family gatherings, picnics, camping, nature walks, and to access the back portion of his property with his vehicle. Platt asserted that removing trees and vegetation on the easement would "unreasonably burden my property and eliminate my use of the property."

Norman also asserted that Platt's placement of a dumpster in the easement does not allow use of the full 25 feet for ingress and egress. In contrast, Platt stated that his dumpster might encroach on the west side of the easement, but it does not obstruct ingress or egress.

Dzingle filed her complaint in this action on January 15, 2015, seeking a declaratory judgment regarding her rights to remove obstructions to bring the modular home onto her property and asking the trial court to order Platt to remove his dumpster and any other obstacles from the easement. The trial court granted Dzingle's later motion for summary disposition under MCR 2.116(C)(10). It determined that the deed's language allowed Dzingle to use any portion of the 25-foot easement that was necessary to enter or exit the property and that clearing brush and vegetation from the easement was not an addition or improvement to the easement. The trial court rejected Platt's argument that Dzingle's proposed use of the easement would materially increase the burden on Platt's estate because Dzingle's rights to ingress and egress on the easement were paramount to Platt's rights to wildlife and natural beauty. Finally, the trial court ruled that Platt must remove his dumpster from the easement because it was inconsistent with Dzingle's rights to ingress and egress. In an opinion on reconsideration, the trial court clarified that the dumpster obstructed Dzingle from using the entire easement for ingress and egress.

## II. STANDARDS OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." The trial court must consider all the documentary evidence in the light most favorable to the nonmoving party. A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Gorman*, 302 Mich App at 116.

To survive a motion for summary disposition, once the moving party has identified issues in which there are no disputed issues of material fact, the burden is on the plaintiff to show that disputed issues exist. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The nonmoving party "must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Id*. If the nonmoving party does not make such a showing, the trial court properly grants summary disposition. *Id*. at 363.

This Court reviews de novo the trial court's rulings on equitable matters related to easements. *Blackhawk Dev Corp v Village of Dexter*, 473 Mich 33, 40; 700 NW2d 364 (2005). Generally, the extent of a party's rights under an easement is a question of fact. *Id*.

## III. CLEARING AND LEVELING IN THE EASEMENT

Platt contends that the trial court improperly granted summary disposition because (1) the trial court did not consider whether clearing vegetation and leveling the easement was reasonably necessary to ingress and egress, and (2) such activities would unnecessarily burden Platt's estate. We disagree.

An easement holder's rights are paramount to the rights of the soil owner, but only to the extent stated in the easement grant. *Blackhawk*, 473 Mich at 41. The language of the instrument that granted the easement determines the scope of the easement holder's rights. *Id*. at 42.

In this case, the deed grants Dzingle an easement for "ingress and egress." The deed does not define ingress and egress, so this Court may consult a dictionary to determine what these words commonly mean. See *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 526; 697 NW2d 895 (2005). "Ingress" is defined as "[t]he right or ability to enter; access," and "egress" is defined as "[t]he right or ability to leave; a way of exit." *Black's Law Dictionary* (10th ed). An "ingress-and-egress easement" is an easement that grants "[t]he right to use land to enter and leave another's property." *Black's Law Dictionary* (10th ed). Thus, the deed expressly granted Dzingle the rights to enter and leave her 59-acre property, and her right to do so is paramount to Platt's rights in the same property.

The conveyance of an easement gives the easement owner "all such rights as are incident or necessary to the reasonable and proper enjoyment of the easement." *Blackhawk*, 473 Mich at 41-42 (quotation marks and citations omitted). The easement holder's exercise of his or her use must place as little burden as possible on the fee owner of the land. *Id*. at 42. "The making of repairs and improvements necessary to the effective enjoyment of an easement . . . is incidental to and part of the easement." *Mumrow v Riddle*, 67 Mich App 693, 700; 242 NW2d 489 (1976). A repair maintains an easement in the condition and uses it was in when the easement was made. *Id*.

But improvements receive closer scrutiny than repairs. *Id*. "Where the rights of an easement are conveyed by grant, neither party can alter the easement without the other party's consent." *Blackhawk*, 473 Mich at 46. The holder of an easement may not improve the easement if those improvements are "unnecessary for the effective use of the easement or they unreasonably burden the servient tenement." *Id*. at 41 (quotation marks and citation omitted). It is contrary to general easement principles for an improvement to materially increase the burden on the servient estate. See *id*. at 47.

In this case, the trial court did not err by determining that there was no genuine issue of material fact regarding whether clearing vegetation and leveling some portions of the trail were repairs rather than improvements. Norman stated that the vegetation had grown in and parts of the road had washed out. Dzingle presented evidence that clearing vegetation, placing gravel in the easement, and using the easement to allow large trucks to improve her property were consistent with her use of the easement since the easement was granted. Thus, Dzingle presented evidence that removing vegetation and leveling would maintain the easement in the condition and uses it was in when the easement was granted. Platt presented no contrary evidence that clearing or leveling were outside the easement's scope or changed the easement's character. The

trial court properly concluded that there was no genuine issue of material fact regarding whether the proposed activities were repairs necessary to ingress and egress rather than improvements.

Finally, the trial court did consider—and rejected—Platt's argument that Dzingle's clearing and leveling would materially increase the burden on Platt's estate. The trial court reasoned that Dzingle's rights to ingress and egress on the easement were paramount to Platt's rights to wildlife and natural beauty in the same property. This is consistent with case law. See *Blackhawk*, 473 Mich at 41.[1]

We conclude that the trial court did not err by granting summary disposition and ordering that Dzingle could clear and level the easement because Dzingle's proposed activities were repairs, not improvements, and there were no facts to support that the repairs would materially increase the burden on Platt's estate.

## IV. MOVING THE DUMPSTER

Platt contends that the trial court erred by requiring him to move the dumpster and precluding him from placing any object in the easement without a specific determination that the dumpster or object blocks ingress and egress. Platt additionally argues that there is a question of fact whether the dumpster's intrusion is slight and does not interfere with the easement. We agree.

An easement for passage does not entitle the servient estate to a wholly unobstructed right-of-way. *Kirby v Meyering Land Co*, 260 Mich 156, 169-170; 244 NW 433 (1932). Any rights in the grant of an easement must be reasonably construed. *Id*. at 169. Also see *Lee v Fidelity Life & Income Mut Ins Co*, 2 Mich App 82, 87; 138 NW2d 545 (1965) (concluding there was a question of fact regarding whether cars parked in an easement obstructed the dominant estate owner's right of ingress and egress).

In this case, the trial court ruled Platt could not place anything on the easement that might obstruct Dzingle's passage over any portion of the easement. The trial court did not accurately apply the law. Dzingle has a right to reasonable ingress and egress, but she is not entitled to an unobstructed right-of-way. See *Kirby*, 260 Mich at 169-170.

However, it is clear from the photographic evidence provided by both parties that the dumpster intrudes into the easement at least to some extent. And Dzingle established that she requires at least 22 feet of the 25-foot easement for clearance to move the modular home onto her property. The trial court reached the correct result for the wrong reason. The trial court

---

[1] To the extent that Platt argues on appeal that changes to the easement may affect his servient estate outside of the easement, we decline to consider this argument, which Platt raises for the first time on appeal and for which the record lacks the facts necessary to evaluate. See *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008); *Candelaria v BC Gen Contractors, Inc*, 236 Mich App 67, 83; 600 NW2d 348 (1999).

should have ruled that there was no genuine issue of material fact regarding whether the dumpster unreasonably obstructed Dzingle's right to ingress.

We conclude that the trial court erred when it ordered Platt to remove the dumpster on the basis that Platt could not place any obstruction in the easement. Platt may use the easement as long as Platt's use does not interfere with Dzingle's right of ingress and egress. However, because Dzingle requires the vast majority of the easement for ingress clearance and the dumpster intrudes into the easement, the trial court reached the correct result for the wrong reason when it ordered Platt to move the dumpster. See *Gleason v Mich Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003).

We affirm.

/s/ Amy Ronayne Krause
/s/ Peter D. O'Connell
/s/ Patrick M. Meter